UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AMALIA DIAZ TORRES, surviving spouse of ELEAZOR TORRES GOMEZ,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 08-CV-185-CVE-PJC |
| **CINTAS CORPORATION, LAVATECH, INC., CHARLES BENSON, STEVE JORDAN, and TOMMY COCANOUGHER,** ) ) ) ) ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Now before the Court are Defendants' Notice of Removal of Action (Dkt. # 4) and plaintiff's complaint (Dkt. # 7, at 27). Plaintiff filed a complaint in state court alleging (1) a manufacturer's products liability claim against Cintas Corporation ("Cintas") and Lavatech, Inc. ("Lavatech"); (2) an intentional tort claim pursuant to Parret v. Unicco Service Company, 127 P.3d 572 (Okla. 2005), against Cintas and Charles Benson ("Benson"); and (3) a negligence claim against Benson, Steve Jordan ("Jordan"), and Tommy Cocanougher ("Cocanougher"). Plaintiff, the surviving spouse of Eleazor Torres Gomez ("Gomez"), alleges that Gomez was an employee of Cintas and that he died as a result of operating a machine manufactured by Lavatech and used by Cintas. Defendants Benson, Jordan, and Cocanougher are employees of Cintas who allegedly had a duty to supervise Gomez.

Defendants filed a notice of removal on April 3, 2008 asserting that Benson, Jordan, and Cocanougher were fraudulently joined to prevent removal and the remaining defendants, Cintas and Lavatech, are completely diverse from plaintiff. The Supreme Court has recognized that a

defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendants. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). Defendants assert that plaintiff has no possibility of recovery against Benson, Jordan, and Cocanougher, and this provides an adequate basis to find that these defendants were fraudulently joined. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). If the Court finds that these defendants were fraudulently joined, the Court will have subject matter jurisdiction over this action if the other requirements of diversity jurisdiction are met.

The Court has reviewed the complaint and finds that plaintiff has no possibility of recovery against the Benson, Jordan, or Cocanougher. Plaintiff has alleged a Parret claim against Benson and a negligence claim against Benson, Jordan, and Cocanougher. In Parret, the Oklahoma Supreme Court held that the exclusive remedy provision of the Oklahoma Workers' Compensation Act, OKLA. STAT. tit. 85, § 12, did not apply if an employer acted with a "substantial certainty" that an employee would be injured through its action or inaction. Id. at 575. However, Parret does not provide a tort claim against individual employees of the employer and Benson can not be held liable under Parret. Concerning plaintiff's negligence claim against Benson, Jordan, and Cocanougher, plaintiff simply alleges that these defendants were employees of Cintas and, in the scope of their employment, were responsible for supervising, monitoring, and training Gomez. Oklahoma has

2

adopted the majority view that "an employer is liable for the torts of its employee occurring in the course and scope of employment, although the employee is personally immune from suit." Hooper by and through Hooper v. Clements Food Co., 694 P.2d 943, 944 (Okla. 1985). In some cases, individual employees may be held liable for intentional torts that exceed the scope of their employment. See Baker v. Saint Francis Hosp., 126 P.3d 602, 605 (Okla. 2005); Rodebush by and through Rodebush v. Oklahoma Nursing Homes, Ltd., 867 P.2d 1241, 1245-46 (Okla. 1993). Plaintiff has not alleged any facts suggesting that Benson, Jordan, or Cocanougher acted outside the scope of their employment but, rather, she alleges that these defendants failed to supervise, monitor, or train Gomez. Plaintiff's claim against the individual defendants simply alleges that they did not adequately perform their supervisory or managerial functions for Cintas and, under Oklahoma law, individual employees are immune from this type of claim. Therefore, plaintiff has not stated a viable claim against Benson, Jordan, or Cocanougher, and they should be dismissed as parties.

Based on the dismissal of the individual defendants, the Court finds that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. When a case is removed to federal court, the defendant bears the burden to prove that both elements of diversity jurisdiction, complete diversity of the parties and the amount in controversy, have been satisfied. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1079 (10th Cir. 1999). In their notice of removal, defendants state that the remaining parties are completely diverse. Defendants have provided deposition testimony from plaintiff stating that Gomez expected to work at Cintas for 20 years and his salary at the time of his death was approximately $25,000 and this establishes that the amount in controversy exceeds $75,000. The Court finds that both elements for diversity jurisdiction have been satisfied, and has jurisdiction of this case.

**IT IS THEREFORE ORDERED** that Charles Benson, Steve Jordan and Tommy Cocanougher are **dismissed** as parties to this case.

**DATED** this 22nd day of April, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT