IN THE UNITED STATES DISTRICT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMALIA DIAZ TORRES, surviving spouse of ELEAZAR TORRES GOMEZ, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 08-CV-185-CVE-TLW |
| CINTAS CORPORATION, LAVATEC, INC., *et al.,* | )<br>)<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On June 12, 2009, plaintiff filed a Motion for Leave to File Second Amended Complaint. [Dkt. # 102].[1] Defendant Lavatec filed an objection, asserting that plaintiff's motion is untimely and, if granted, unduly prejudicial to its defense. [Dkt. # 104]. Plaintiff's motion was referred to the undersigned by Chief Judge Claire V. Eagan on June 15, 2009. [Dkt. # 103].

### CONSIDERATION OF A MOTION TO AMEND COMPLAINT BY ORDER OR REPORT AND RECOMMENDATION

An overwhelming majority of courts that have considered the issue have ruled that a motion to amend a complaint is non-case dispositive and, thus, subject to the clearly erroneous or contrary to law standard of review when originally decided by a magistrate judge. See Fielding v. Tollaksen, 510 F.3d 175 (2d Cir. 2007) (upholding magistrate judge's denial, as futile, of plaintiff's motion for

---

[1] Plaintiff initially filed a motion to amend on April 21, 2009. [Dkt. # 76]. In response, defendant Cintas' filed a Motion for Contempt. [Dkt. # 79]. On June 9, 2009, a hearing was held on both the Motion to Amend and the Motion for Contempt. [Dkt. # 96]. As a result of the hearing, on June 10, 2009, both parties filed applications to withdraw their respective motions [Dkt. ## 97, 98], which were granted the following day. [Dkt. # 100]. On June 12, 2009, plaintiff filed her second motion to amend, which is the subject of this Order. [Dkt. # 102]. Because plaintiff withdrew her first motion to amend as a result of a compromise reached with Cintas, for purposes of the analysis contained herein, the undersigned will treat plaintiff's second Motion to Amend as having been filed on April 21, 2009.

leave to amend complaint); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993) (motion to amend a complaint is a non-case-dispositive pretrial matter subject to the clearly erroneous or contrary to law standard of review); Bratton v. University of Akron, 142 F.3d 432, 1998 WL 58149 (6th Cir. 1998) (Sixth Circuit rules, in unpublished opinion, that consideration of motion to amend complaint is non-dispositive).  See also Rubin v. Valicenti Advisory Services, Inc., 471 F. Supp. 2d 329 (W.D.N.Y. 2007); Palmer v. Monroe County Sheriff, 378 F. Supp. 2d 284 (W.D.N.Y. 2005); Sana v. Hawaiian Cruises, Ltd., 961 F. Supp. 236 (D. Haw. 1997), *rev'd on other grounds*, 181 F.3d 1041 (9th Cir. 1999); Ambrose v. Southworth Products Corp., 953 F. Supp. 728 (W.D. Va. 1997); Bryant v. Mississippi Power & Light Co., 722 F. Supp. 298 (S.D. Miss. 1989); Acme Electric Corp. v. Sigma Instruments, Inc., 121 F.R.D. 26 (W.D.N.Y. 1988); Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 594 F. Supp. 583 (D. Me. 1984).  There is, however, no clear authority from the Tenth Circuit on this issue.  Therefore, out of an abundance of caution, the undersigned has opted to proceed by report and recommendation.

## ANALYSIS

A motion to amend pleadings before trial is governed by Fed. R. Civ. P. 15 (a)(2).  "Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend the pleadings after the time for amending as a matter of course 'only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.'"  Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).  A court's refusal to allow leave to amend is "generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993).  See also Deghand v. Wal-Mart Stores, Inc., 904 F.

Supp. 1218, 1221 (D. Kan. 1995). Here, the issues are whether plaintiff unduly delayed filing her motion to amend or whether allowing the amendment will be unduly prejudicial to Lavatec.

As to the first issue, untimeliness alone may be a sufficient reason to deny leave to amend, particularly when the party filing the motion has no adequate explanation for the delay. Frank, 3 F.3d at 1365 ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend.") (citing Woolsey v. Marion Laboratories, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991); Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990); First City Bank v. Air Capitol Aircraft Sales, 820 F.2d 1127, 1133 (10th Cir. 1987)). Moreover, when untimeliness is established, prejudice to the opposing party need not be shown. Las Vegas Ice & Cold Storage Co., 893 F.2d at 1185; Deghand, 904 F. Supp. at 1221.

As to the second issue, courts typically find undue prejudice to the defendant when the amendment unfairly affects the defendant's ability to prepare its defense. Minter v. Prime Equipment Co., 451 F.3d 1196, 1208 (10th Cir. 2006); U.S. ex. rel. Told v. Interwest Const, Co., Inc., 267 Fed.Appx. 807, 810 (10th Cir. 2008) (unpublished).[2] "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." Minter, 451 F.3d at 1208 (finding no prejudice where new claim relied on the same factual underpinnings as a claim that had already been asserted). Compare Told, 267 Fed.Appx. at 810 (upholding decision denying motion to amend where new claim and prior claim both arose under the same statute but new claim involved different factual allegations).

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

**Timeliness**

Plaintiff acknowledges that her motion to amend was filed well after the February 17, 2009, deadline in the Scheduling Order. [Dkt. # 39]. To justify the timing of her motion, plaintiff contends that it was not until February 24, 2009, when she deposed Erik DeVuyst (Lavatec's Senior Field Service Engineer), Eric Mueller (Lavatec's Director of Engineering), and Mark Thrasher (Lavatec's Corporate Representative and Service Manager), that she obtained evidence which supported her proposed amended complaint. Plaintiff further contends that until April 22, 2009, when Lavatec first produced materials that Mr. DeVuyst used during seminars he conducted for Lavatec's customers, she was unable to confirm her claim that Lavatec had negligently failed to warn, instruct, and train.[3] [Dkt. # 102 at 1-5].

Lavatec argues that plaintiff's motion should be denied as untimely, because it would require yet another modification to the Scheduling Order to allow significant additional discovery. Lavatec cites the first and second amended Scheduling Orders, both of which state that "no further extensions of time will be granted." [Dkt. ## 39, 71]. Lavatec also cites to the undersigned's admonition to the parties on February 18, 2009, that they should refrain from requesting any further extensions of the deadlines. [Dkt # 104, Ex. 2 at 31]. Lavatec argues that plaintiff should have sought an extension of the deadline to amend pleadings on January 30, 2009, when she filed her "Emergency Motion" to extend the deadline to file expert reports and for a discovery conference [Dkt. # 63].[4]

---

[3] The undersigned rejects this argument, since plaintiff filed her initial motion to amend on April 21, 2009, the day before these documents were received.

[4] Assuming, as the undersigned does, that plaintiff did not discovery sufficient facts to support her amended complaint until February 24, 2009, this argument has no merit.

4

Finally, Lavatec argues that plaintiff learned of the "new evidence" needed for her amended complaint only seven days after the second deadline for amendment of the pleadings, but she waited more than two months before filing her application.

The District Court has previously granted one extension for amendment of the pleadings and two extensions for discovery, dispositive motions, the pretrial conference, and the trial. [Dkt. ## 39, 71]. In granting these extensions, the District Court was clear that additional extensions would not be allowed. Id. Moreover, when the District Court amended the Scheduling Order for a second time, neither party requested additional time for amending the pleadings and none was given. Thus, all parties were on notice that the schedule was not likely to be changed. In such a situation, common sense dictates that if a party needs an extension, a request should be brought to the Court without delay.

As set forth above, plaintiff acknowledges that the evidence supporting her motion to amend became known to her on February 24, 2009. [Dkt. # 102 at 5]. Rather than immediately seeking leave to file her amended complaint (at a time when there remained more than three months of discovery), she waited almost two months, and she failed to request expedited treatment. [Dkt. # 79]. Even assuming, unrealistically, that the Court had immediately granted plaintiff's request on the day she filed it, less than six weeks remained for discovery and more than two months had passed since the deadline for seeking an amendment to the pleadings.[5] [Dkt. ## 39, 71]. Nothing in plaintiff's pleadings justifies the long delay in seeking to amend her Petition or the failure to seek

---

[5] Because plaintiff did not seek expedited treatment, her motion was treated in a routine manner and did not become ripe until May 18, 2009, less than two weeks before the close of discovery.

5

expedited treatment once her motion to amend was filed, particularly in light of the clear language contained in the most recent Scheduling Orders and the undersigned's admonition to the parties on February 18, 2009.  Plaintiff's delay was clearly "undue," and her motion to amend is, therefore, untimely.  Based on the foregoing, the undersigned recommends that plaintiff's motion be denied on the basis of timeliness alone.  Nevertheless, the undersigned will also address the issue of prejudice.

**Prejudice**

Plaintiff originally filed her Petition against Lavatec and Cintas in Tulsa District Court. [Dkt. # 4].  The Petition contains only the following "Count" as to Lavatech:

> That the death of Eleazar Torres Gomez was a direct result of Defendants' Lavatech and Cintas failure to inspect, service, monitor and service machinery and was a direct result of an unreasonably dangerous and defective product manufactured by Defendant Lavatec and used by Defendant Cintas.

[Dkt. # 7].  Prior to April 21, 2009, plaintiff made no effort to formally assert any claim against Lavatec other than a claim based on Lavatec's alleged failure to "inspect, service, monitor and service machinery" and a claim based on the manufacture and sale of "an unreasonably dangerous and defective product."  Id.  These allegations reasonably apprised Lavatec that plaintiff's case against it would center on two areas:  (1) Lavatec's alleged failure to inspect machinery, failure to service machinery, and failure to monitor machinery; and (2) Lavatec's sale of an unreasonably dangerous and defective product to Cintas.  The clear implication of these allegations is that Lavatec's product mal-functioned and caused Mr. Gomez's death because it was not properly inspected, serviced, and/or monitored by Lavatec and/or that the product, although performing as designed, was inherently defective and unreasonably dangerous. Nothing in the Petition would have

placed Lavatec on notice that it needed to defend against claims unrelated to the functioning and design of its equipment.

Plaintiff's proposed amended complaint asserts three general categories of claims: design defect, "marketing defects/defective warnings and instructions," and negligence. [Dkt. # 102-2 at 4-6]. The design defect claim and many aspects of the other two categories of claims were clearly raised in plaintiff's original Petition. However, significant portions of the last two categories assert entirely new claims. For example, Plaintiff alleges that Lavatec: (1) "provided no safety training or other safety instruction to employees and supervisors during or after the installation of the wash alley system"; (2) provided deficient "written instructions and manuals"; (3) failed to conduct any hazard analysis; (4) "failed to perform the most basic task analysis"; and (5) failed to properly exercise control over "the wash alley product and its associated warnings, instructions and training." Id. These allegations do not seek to impose liability on Lavatec for any failure to inspect, service, or monitor machinery or for furnishing a defective or unreasonably dangerous product. Rather, plaintiff now claims that Mr. Gomez's death may also have been caused because Lavatec failed to provide proper training and sufficient written instructions, failed to conduct a hazard analysis and task analysis, and failed to exercise control over the "wash alley." These allegations do not arise out of the same subject matter as those contained in the original Petition. For example, even if Lavatec properly inspected, serviced, and monitored the machinery and even if Lavatec's product was neither unreasonably dangerous nor defective in its design, under the proposed amended complaint, plaintiff could prevail under its theories by establishing a failure to train, a failure to provide sufficient instructions or manuals, or a failure to conduct the appropriate analyses. Lavatec was simply not on

notice that plaintiff was pursing these new claims and had no reason to prepare a defense to these new claims.

Since it was not on notice of plaintiff's new claims, Defendant argues that the amended complaint would compromise its defense, unless the Court continues the deadlines and allows additional discovery. [Dkt. # 104 at 3]. Plaintiff agrees that additional discovery may be required. [Dkt. # 105 at 3]. Thus, there is little dispute that Lavatec would be unduly prejudiced by the amendment, unless there is an extension of the deadlines. Given the scope of plaintiff's new allegations, any such extension would require a fourth scheduling order that would include a delay in the trial date. Plaintiff has provided no justification for such an extension and, as already addressed, no legitimate explanation for her delay in seeking leave to amend. The only factually supported argument made by plaintiff is that Lavatec was aware of the facts giving rise to its new claims well in advance of plaintiff's motion. However, even if true, being aware of facts that could result in new claims is much different than actually facing the new claims in a pleading. The latter requires a defense; the former does not. Further, amending the schedule is not warranted as plaintiff has not adequately justified her delay of almost two months from discovering the evidence giving rise to her requested amendment to the filing of her motion to amend. Moreover, and perhaps most important, the District Court's current and prior Scheduling Orders provide clear and unambiguous guidance on this issue, both stating that "no further extensions will be granted." Extending all current deadlines would run afoul of this language. Since there will be no extension of the current deadlines, Lavatec would be unduly prejudiced by the filing of the proposed amended complaint at this late date. Thus, the undersigned recommends that plaintiff's motion to amend be denied for the additional reason that it would unduly prejudice Lavatec.

**RECOMMENDATION**

The undersigned RECOMMENDS that the District Court DENY plaintiff's Motion for Leave to File Second Amended Complaint as untimely or, in the alternative, as being unduly prejudicial to Lavatec if granted.

**OBJECTION**

The Judge assigned to this case will conduct a *de novo* review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his review of the record, the Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so within ten days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. See Moore v. United States, 950 F.2d 656 (10th Cir. 1991); and Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

SUBMITTED this 30th day of June, 2009.

_____
T. Lane Wilson
United States Magistrate Judge