UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMALIA DIAZ TORRES, surviving spouse of ELEAZOR TORRES GOMEZ, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )   Case No. 08-CV-0185-CVE-TLW ) |
| CINTAS CORPORATION and LAVATECH, INC., | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Reconsideration and Brief in Support (Dkt. # 89). Plaintiff asks the Court to reconsider two prior opinions and orders (Dkt. ## 13, 30) dismissing defendants Charles Benson, Steve Jordan and Tommy Cocanougher as fraudulently joined for the purpose of defeating this Court's subject matter jurisdiction. Plaintiff asks the Court to reinstate her claims against these individuals and remand the case to state court. Defendant responds that plaintiff has not shown that the Court applied the wrong legal standard when considering dismissal of the individual defendants, and plaintiff takes deposition testimony "wildly out of context" in an attempt to produce new evidence supporting her claims against these individuals. Dkt. # 94, at 6 n.1.

On July 16, 2007, plaintiff filed this case in the District Court of Tulsa County, Oklahoma. Plaintiff is the surviving spouse of Eleazor Torres Gomez. Gomez was employed by Cintas Corporation (Cintas). Plaintiff alleges that Gomez suffered injuries as a result of operating machinery manufactured by Lavatec, Inc. (Lavatec), and died as a result of his injuries. Plaintiff alleged a manufacturer's products liability claim against Lavatec and Cintas, an intentional tort

claim under Parret v. Unicco Service Company, 127 P.3d 572 (Okla. 2005), against Cintas and Benson, and Parret claims against Benson, Jordan, and Cocanougher. Dkt. # 7, at 27-31.

Defendants removed the case to this Court on the basis of diversity jurisdiction. They acknowledged that complete diversity was not present on the face of the complaint, but they argued that Benson, Jordan, and Cocanougher were fraudulently joined to defeat diversity jurisdiction. The Court sue sponte considered the issue of subject matter jurisdiction, and determined that the individual defendants were fraudulently joined. Dkt. # 13. The Court held that an employer is liable for the torts of its employees, and an employee is personally immune from suit for torts committed within the scope of his or her employment. Id. at 3. Plaintiff had not sufficiently alleged an intentional tort against Benson, Jordan, or Cocanougher, and the Court dismissed them as parties. Without Benson, Jordan, or Cocanougher as defendants, complete diversity existed between the parties and the Court could exercise diversity jurisdiction over this case. Id. Plaintiff filed a motion to remand (Dkt. # 14) asserting that she had stated intentional tort claims against Benson, Jordan, and Cocanougher. The Court considered the issue of subject matter jurisdiction without reference to its prior opinion and order, and determined that it had subject matter jurisdiction over the case. Dkt. # 30. Over a year later, plaintiff asks the Court to reconsider its opinions and orders finding that it has subject matter jurisdiction to hear this case. Dkt. # 89.

The Court treats plaintiff's motion to reconsider under Fed.R.Civ.P. 54(b), as the underlying opinion and order is not a final order or judgment. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003). Plaintiff's motion does not address the appropriate standard of review for her motion to reconsider, but her motion implies the Court should reconsider its opinion and order under a de novo standard. The Court may, however, call into play the legal

2

standards applicable to a Rule 59(e) motion to alter or amend judgment. See, e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP, 322 F.3d 147, 167 (2d Cir. 2003). A motion to reconsider, like a motion to alter or amend judgment, should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n.5 (10th Cir. 2000). The Court will exercise its discretion to review plaintiff's motion under the standards applicable to Rule 59(e) motions. A district court does not abuse its discretion if it refuses to reconsider arguments that have already been considered and rejected. See Servants, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

Plaintiff raises two arguments in support of her motion to reconsider.[1] First, she argues that the Court's interpretation of Oklahoma law concerning employer and employee liability for torts

---

[1] The Court notes that plaintiff's motion to reconsider is untimely under any standard. The Court's first opinion and order (Dkt. # 13) was filed on April 22, 2008, and the second opinion and order (Dkt. # 30) was filed on June 19, 2008. Plaintiff filed her motion to reconsider on May 22, 2009, over a year after the first opinion and order. Although plaintiff attempts to rely on new evidence, the deposition testimony by plaintiff does not support her arguments and may not be used to support a motion to reconsider based on newly discovered evidence. However, the issues raised by plaintiff go to the Court's subject matter jurisdiction and the Court will not summarily deny plaintiff's motion to reconsider.

committed within the scope of employment is "mistaken," because employees are co-extensively liable along with their employer for torts committed within the scope of their employment. Dkt. # 89, at 5. This argument has already been considered and rejected, and this is not an appropriate basis for reconsideration. See Servants, 204 F.3d at 1009; Van Skiver, 952 F.2d at 1243. Second, plaintiff argues that she has discovered new evidence giving rise to claims against Jordan and Cocanougher. She asks for leave to amend her complaint to allege claims against Jordan and Cocanougher, and asks the Court to remand the case to the District Court of Tulsa County due to lack of complete diversity. Plaintiff misapprehends the nature of the Court's analysis when determining if diversity jurisdiction is present. The existence of diversity jurisdiction is determined by reference to the facts as they existed at the time the complaint was filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004); Symes v. Harris, 472 F.3d 754 (10th Cir. 2006). The subsequent joinder of a non-diverse party does not destroy complete diversity unless "the later-joined party, non-diverse party was indispensable to the action at the time it was commenced." Salt Lake Tribune Pub. Co., LLC v. AT&T Corp., 320 F.3d 1081, 1096 (10th Cir. 2003). In this case, the Court found that plaintiff fraudulently attempted to allege claims against non-diverse defendants for the sole purpose of defeating diversity jurisdiction. Dkt. # 13, at 3; Dkt. # 30, at 12. Plaintiff's subsequent discovery of new information does not change the fact that these parties were fraudulently joined at the time the case was filed. Even if the Court were to find that plaintiff could state claims against Jordan and Cocanougher, this would not automatically deprive the Court of subject matter jurisdiction over this case and plaintiff has made no attempt to show that Jordan and Cocanougher are necessary and indispensable parties under Fed. R. Civ. P. 19. See Salt Lake

Tribune Pub. Co., 320 F.3d at 1096. For these reasons, reconsideration of the Court's prior opinions and orders is not appropriate.

However, because plaintiff has raised an issue as to the Court's subject matter jurisdiction, the Court will give plaintiff's arguments close scrutiny even though reconsideration is not appropriate. The new evidence cited by plaintiff does not support her allegations that either Jordan or Cocanougher intentionally harmed Gomez or knew with substantial certainty that their acts or omissions would injure Gomez. At most, the evidence could be used to assert a negligence claim against Jordan or Cocanougher. As the Court has discussed in two prior opinions and orders, employees are immune from suit for torts committed within the scope of their employment under Oklahoma law. Dkt. # 13, at 3; Dkt. # 30, at 10-12. In some cases, individual employees may be personally liable for acts that exceed the scope of their employment. Baker v. Saint Francis Hosp., 126 P.3d 602, 605 (Okla. 2005). Plaintiff's potential claims against Jordan and Cocanougher would constitute negligence claims for an alleged failure to train or supervise, and plaintiff may not pursue ordinary negligence claims against Gomez's former co-workers. Even considering this new evidence, it is clear that Benson, Jordan, and Cocanougher were fraudulently joined as parties in the original complaint, and the Court has properly retained jurisdiction over this case.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration and Brief in Support (Dkt. # 89) is **denied**.

**DATED** this 9th day of July, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT