IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMALIA DIAZ TORRES, surviving spouse of ELEAZAR TORRES GOMEZ )<br>)<br>)<br>Plaintiff,         )<br>)<br>-v-                       )<br>)<br>CINTAS CORPORATION, LAVATECH, )<br>INC., CHARLES BENSON, STEVE  )<br>JORDAN, and TOMMY COCANOUGHER, )<br>)<br>Defendants.    ) | Case No. 4:08-cv-00185-CVE-PJC |

**DEFENDANT CINTAS CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE SPECULATIVE REFERENCES TO PAIN AND SUFFERING**

Defendant Cintas Corporation ("Cintas") moves in limine, pursuant to Federal Rules of Evidence ("FRE") 402 and 403, for an order instructing Plaintiff's counsel and witnesses to refrain from making any references to "pain and suffering" unless and until there is evidence in the record to support such a claim.

**I.      Introduction**

In her Complaint, Plaintiff alleges that the deceased, Eleazar Torres Gomez ("Torres") ███████████████████ during the accident at issue in this case. ███████████████  To date, however, Plaintiff has not produced a witness that testified, or could testify, that Mr. Torres endured any pain or suffering before he died.  References to any pain and suffering endured by Mr. Torres would, therefore: (1) be based only on speculation, not evidence; (2) have no probative value; and (3) only serve to inflame and/or prejudice the jury.  Accordingly, unless and until Plaintiff is able to bring forth evidence that Mr. Torres endured pain and suffering before he died, speculation by witnesses or counsel on the topic should be excluded pursuant to FRE 402 and 403.

**II.    Argument**

Plaintiff cannot recover damages for pain and suffering without producing evidence that Mr. Torres actually suffered pain as a result of the accident. *Lee v. Swyden*, 319 P.2d 1009, 1014 (Okla. 1957) (mere statement by a witness that a decedent was in pain is not enough to establish pain and suffering). This evidence could be in the form of lay witness testimony indicating that the decedent was conscious, and suffered pain, after the accident. *See*, *e.g.*, *Nicholas v. Marshall*, 486 F.2d 791 (10th Cir. 1973) (lay testimony that witness was conscious of pain in minutes after an accident established pain and suffering); *Moody v. Ford Motor Co.*, 506 F.Supp.2d 823, 829 (N.D.Okla. 2007) (testimony that decedent moved fingers in response to questions after accident was evidence of consciousnesses and established pain and suffering); *Kress v. Nash*, 83 P.2d 536, 538 (Okla. 1938) (testimony that accident victim indicated pain demonstrated pain and suffering). In the absence of such testimony, or expert testimony, there is no basis for a jury to award damages for pain and suffering. *Fanning v. Sutton Motor Lines, Inc.*, 2010 WL 560344 at *3 (D.Kan. Feb. 26, 2010) (plaintiffs could not establish pain and suffering without eyewitness testimony of accident based on "mere possibility that the decedent's heart continued to function for a brief period of time [after the accident]… .").

Plaintiffs have not produced any fact witnesses who observed Mr. Torres at the time of or during his accident. Nor have they identified or designated any expert to opine on the issue of whether Mr. Torres had conscious pain before he died.   Therefore, any speculation by witnesses or counsel that Mr. Torres suffered is not relevant to any issue that must be resolved at trial, and it should be excluded as irrelevant under FRE 402. Moreover, even if Plaintiff could somehow demonstrate that such speculation is moderately probative on some relevant issue, relevant evidence should still be excluded if "its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FRE 403. Were witnesses such as

- 3 -

Plaintiff, who is Mr. Torres's widow, to offer speculation about how Mr. Torres may have suffered during the accident, it could inflame the jury and prejudice the jurors against Cintas. Such speculation is also excludable under FRE 403.

### III. Conclusion

For the reasons set forth above, Cintas respectfully requests that this Court issue an order *in limine* instructing counsel and witnesses to refrain from offering any speculative testimony about pain and suffering.

Respectfully submitted,

/s/ Gregory M. Utter
Gregory M. Utter
Matthew K. Buck
KEATING MUETHING & KLEKAMP PLL
1 E. Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457

Gene Robinson, OBA #10119
THE ROBINSON LAW FIRM, P.C.
1100 Remington Tower
5810 East Skelly Drive
Tulsa, Oklahoma 74135
Phone: (918) 587-2311
Fax: (918) 587-2317

*Attorneys for Defendant, Cintas Corporation*

- 4 -

## CERTIFICATE OF SERVICE

      I hereby certify that on March 1, 2010, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system and will serve counsel of record via electronic mail and ordinary mail.

                    /s/Gregory M. Utter
                        Gregory M. Utter

3345747.1