IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMALIA DIAZ TORRES, surviving spouse of ELEAZAR TORRES GOMEZ,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>-v-  )<br>)<br>CINTAS CORPORATION, LAVATECH, INC., CHARLES BENSON, STEVE JORDAN, and TOMMY COCANOUGHER,  )<br>)<br>)<br>)<br>Defendants.  ) | Case No. 4:08-cv-00185-CVE-TLW |

**DEFENDANT CINTAS CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING AN INVESTIGATION BY THE OCCUPATIONAL HEALTH AND SAFETY ADMINISTRATION AND BRIEF IN SUPPORT**

Defendant Cintas Corporation ("Cintas") moves *in limine*, pursuant to Federal Rules of Evidence ("FRE") 402, 403 and 802 for an order excluding evidence and testimony about: (1) citations issued to Cintas by the Occupational Health and Safety Administration ("OSHA") (the "OSHA Citations" or "Citations"); (2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and (3) any reference to the OSHA investigation that led to the Citations ▮▮▮▮▮▮ (the "OSHA Investigation").

### I.  Introduction

As the Court is aware, this case concerns a fatal accident at Cintas's Tulsa, Oklahoma plant involving Eleazar Torres Gomez ("Mr. Torres"). Mr. Torres's widow and plaintiff ("Plaintiff") brought this intentional tort claim. The sole issue involving Cintas to be resolved at trial is whether Cintas intended Mr. Torres's death. *Parret v. Unicco Serv. Co.*, 127 P.3d 572, 579 (Okla. 2005).

Following the accident and Mr. Torres's death on March 6, 2007, OSHA initiated an investigation at the Tulsa plant. The OSHA Investigation resulted in several preliminary allegations and citations ███████████████████████████████████████████████ ███████████████████████████████████████████ Testimony and evidence about the OSHA Citations ████████████████████████ must be excluded because: (1) the Citations represent preliminary allegations and the opinion of OSHA investigators and do not tend to show that Cintas intended to injure Mr. Torres or was substantially certain that his injury would occur; (2) even if remotely probative, the Citations ██ ████████████████ would unduly confuse the jury and prejudice Cintas by inaccurately suggesting that the government made a determination concerning the very issues on which Plaintiff bears the burden of persuasion; (3) ████████████████████████████████ ████████████████████████████████; and (4) the Citations consist of inadmissible hearsay. Moreover, because the citations that resulted from the OSHA Investigation should be excluded, all references to the OSHA Investigation ███████████████████████████████████████ ████████████████████ should be redacted from any document admitted into evidence or otherwise used at trial, and the parties and witnesses should be ordered to avoid referring to the OSHA Investigation in front of the jury.

Plaintiff has the heavy burden at trial of producing evidence demonstrating that Cintas intended to hurt Mr. Torres, or knew that he was going to be injured. This trial should focus on that issue – not on a distracting sideshow about the effect of conclusory allegations ███████ ████████████████████ contained in government reports issued under an irrelevant legal standard.

**II.     Background**

Immediately after Mr. Torres's death on March 7, 2007, OSHA, in accordance with the Occupational Health and Safety Act of 1970 (the "OSHA Act"), initiated an investigation into the circumstances surrounding the accident and Cintas's Tulsa, Oklahoma plant.  The OSHA Investigation lasted until August 16, 2007, and resulted in a series of citations.  *See* Ex.B (Compilation of OSHA Citations).

The OSHA Citations did not constitute a finding that Cintas violated the OSHA Act.  ███ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ Nor are they the equivalent of OSHA standards or regulations.  Rather, they represent the initial "opinions of investigators and ordinarily do not 'carry with [them] the indicia of reliability that is inherent in government adopted safety standards.'"  *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 582 (5th Cir. 1985).  The OSHA investigators who issued the Citations are not identified, nor have any of those investigators been deposed or included on any party's trial witness list to date.

OSHA issued the following categories of citations to Cintas:



███████████████████████████████████████

- ████████████████████████████████████████
████████

████████████████████████████████████████

████████ Pursuant to its rights, Cintas denied the underlying allegations and contested the Citations and the proposed fine. ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████

Unable to uncover any evidence that Cintas intentionally injured Mr. Torres, or was "substantially certain" that his death would occur, Plaintiff appears ready to argue at trial that the preliminary OSHA Citations, the allegations contained therein, and even the mere fact of the OSHA Investigation itself constitute evidence that support her intentional tort claim. ████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

**III.    Legal Standard**

Irrelevant evidence is inadmissible (FRE 402), and evidence may be excluded if "its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" (FRE 403).  Hearsay is inadmissible.  FRE 803.  Under FRE 803, "factual findings resulting from an investigation made pursuant to authority granted by law" are not hearsay unless "the sources of information or other circumstances indicate lack of trustworthiness." FRE 803(8).  As set forth below, these rules require the exclusion of any evidence or testimony concerning the OSHA Citations, ▮▮▮▮▮▮▮▮▮ and the OSHA Investigation.

**IV.    Argument**

    **A.    The OSHA Citations ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Are Irrelevant, Confusing and Prejudicial**

The issue to be resolved at trial is whether Plaintiff can persuade the jury that Cintas "desired to bring about [Mr. Torres's] injury or … acted with the knowledge that such injury was substantially certain to result from [Cintas's] conduct." *Parrett*, 127 P.3d at 579.  The OSHA Act requires OSHA to issue a citation for a "willful violation" when it believes that an employer has "willfully or repeatedly" violated the act or a regulation promulgated under the act.  29 USC § 666(a).  OSHA is required to issue a citation for a "serious violation" when it believes that an employer otherwise (i.e., unwillfully) violated certain sections of the OSHA Act.  29 USC § 666(b).  Nothing in the OSHA Act requires OSHA to consider whether an employer intentionally injured an employee, or desired to injure an employee, or knew that an injury was "substantially certain" to occur.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- 6 -

██████████████████████████████████████████████████████████████

████████████████████████████████████████████ Nothing connects the OSHA rules and laws with any legal standard that controls this trial.  The citations – ████

████████████████████████████ – are irrelevant and must be excluded under FRE 402.

████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████ Cintas would be forced to respond, and to explain the difference between a citation and a finding, ████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████ Put another way, admitting the OSHA Citations would require both sides to "present evidence explaining the OSHA investigation process … and the difference between an OSHA investigation and a criminal prosecution … [leading to] a mini-trial on the OSHA citation[s] [that] could distract and confuse the jury from the main issues in the case."  *U.S. v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 992 (7th Cir. 1999) (finding district court acted within its discretion by excluding evidence about an OSHA citation under FRE 403 even though it had "some probative value").

Reference to the citations is unnecessary, and their exclusion not prejudicial to Plaintiff, because Plaintiff has access to the *same witnesses* and the *same evidence* that the OSHA investigators considered.  All of the facts and evidence considered by OSHA may be presented to the jury by Plaintiff, and the jury can then independently judge Cintas's conduct.  Reference to

the OSHA Citations themselves would not appreciably increase Plaintiff's ability to persuade the jury; it would only serve to confuse the jury by painting Cintas in a negative light.

Courts routinely exercise their discretion to exclude evidence and testimony concerning OSHA citations in subsequent civil lawsuits about the accident that was the subject of the investigation where, as here, they would serve only to confuse the issues. *See Vice v. Northern Telecom, Inc.*, Civ. A. No. 94-1235, 1996 WL 507340, at *1-2 (E.D. La. Sept. 6, 1996) (pre-accident OSHA citation excluded because its scant probative value "is substantially outweighed by the danger that the jury would ascribe unfair weight to the citation because of its 'governmental' source"); *Dixon*, 754 F.2d at 582 (5th Cir. 1985); *Pitt-Des Moines, Inc.*, 168 F.3d at 992. State courts have also routinely excluded evidence and testimony concerning similar citations issued by state investigators. *See Hoffman v. Houghton Chem. Corp.*, 751 N.E.2d 848, 860 n.21 (Mass. 2001); *Millison v. E.I. du Pont de Nemours and Co.*, 545 A.2d 213, 223-24 (N.J. Super. Ct. 1988); *Abbott v. Jarrett Reclamation Serv., Inc.*, 726 N.E.2d 511, 525-26 (Ohio Ct. App. 1999) (*quoting* Rothstein, Occupational Safety and Health Law 561, § 513 (4th ed. 1998)). This Court should also exercise its discretion to preclude Plaintiff from introducing any evidence or testimony about the OSHA Citations at trial.

### B.     The OSHA Citations Are Inadmissible Hearsay.

The OSHA Citations consist of statements made out of court, are inadmissible hearsay, and must be excluded. FRE 802.

This is true even though the OSHA Citations stem from a government investigation. Under FRE 803(8), "factual findings resulting from an investigation made pursuant to authority granted by law" are not generally hearsay. FRE 803(8). The "factual findings" hearsay exception does not apply here, however, because by their plain language the OSHA Citations issued in this case do not contain "factual findings". ▮

- 7 -

███████████████████████████████████████  The OSHA Citations are out-of-court statements by OSHA investigators stating opinions and allegations – in conclusory fashion – that Cintas violated laws or regulations. They are not covered by the "factual findings" hearsay exception.

Even if the OSHA Citations were "factual findings", they would still be hearsay if "the sources of information or other circumstances indicate lack of trustworthiness." FRE 803(8). FRE 803(8) was designed to allow courts to exclude investigatory reports that may be unreliable. *See Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988) (stating that the FRE 803(8)'s limitations and safeguards lie in part in the trustworthiness provision, which "requires the court to make a determination as to whether the report, or any portion thereof, is sufficiently trustworthy to be admitted"). In assessing the reliability of an investigative report, courts should consider: "(1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation." *Id.* at 167 n.11.

Here, these factors tilt overwhelmingly against admission of the OSHA Citations.



Courts analyzing OSHA citations in similar circumstances have made the same determination, finding that they were unreliable hearsay and therefore inadmissible. *See Pitt-Des Moines*, 168

F.3d at 992; *Millison*, 545 A.2d at 223-24; *Staskal*, 706 N.W.2d at 317-19.  This Court should exercise its discretion and do the same.[1]

###    C.    All Reference To the OSHA Investigation Should Be Excluded

Other documents concerning the OSHA Investigation, apart from the OSHA Citations ▮▮▮ have been produced in this litigation – ▮▮▮ ▮▮▮ ▮▮▮  If any of these documents is admissible at trial (and Cintas does not concede the admissibility of any of this material), or if any of these documents is otherwise used at trial (e.g., for attempted impeachment), then all references to the OSHA Investigation should be redacted. ▮▮▮ ▮▮▮ ▮▮▮ the parties should be ordered to avoid making any reference to the OSHA Investigation.

Reference to the OSHA Investigation can only serve to helplessly confuse the jury or unfairly prejudice Cintas.  *See Santos v. Sunrise Medical, Inc.*, 351 F.3d 587, 597 (1st Cir. 2003 (letter to OSHA properly excluded where "it would open up an areas of potential confusion for

---

[1] In diversity cases such as this one, federal courts – in accordance with *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) – generally apply the Federal Rules of Evidence.  *See Wheeler v. John Deere Co.*, 862 F.2d 1404, 1410 (10th Cir. 1988).  However, evidentiary rules of the forum state should be applied when they are based on substantive policy considerations.  *Id.*  Because the impact of government investigations and preliminary findings may be partially based on policy concerns, one federal court, in a diversity case, opted to apply state law in order to determine whether a violation of the OSHA Act could establish negligence.  *See Masemer v. Delmarva Power & Light*, 723 F. Supp. 1019 (D. Del. 1989).  Therefore, this Court may also consider Oklahoma law in determining the admissibility of the OSHA Citations ▮▮▮

Unlike the Federal Rule, Oklahoma's version of FRE 803 specifically provides that "[t]he following are not within the exception to the hearsay rule: …factual findings resulting from special investigation of a particular complaint, case or incident…."  Okla. Stat. tit. 12, § 2803(8)(d).  Therefore, any statements stemming from an investigation into the accident that forms the basis of Plaintiff's complaint – such as OSHA's investigation concerning Mr. Torres's death – are not within a hearsay exception and must be excluded.  *See Madill Bank and Trust Co. v. Hermann*, 738 P.2d 567 (Okla. Ct. App. 1987) (applying rule in civil case against a bank to prevent plaintiff from introducing an FDIC report concerning the alleged fraud at issue).  *See also Hagerman Construction, Inc. v. Copeland*, 697 N.E.2d 948, 955 (Ind. Ct. App. 1998) (applying identical provision in Indiana's rules of evidence to exclude citations issued by the state equivalent of OSHA).

the jury, namely OSHA's investigation and findings… .") Any reference to the OSHA Investigation would create an impression that there was misconduct, but Cintas would have not opportunity to rebut that impression by examining the OSHA investigators. *See Custer v. Terex Corp.*, 196 Fed.Apx. 733, 740 (11th Cir. 2006) (excluding a letter that referred to an OSHA investigation where investigator who prepared report could not be cross-examined); *John Morrell & Co. v. Local Union 304A of the United Food and Commercial Workers, AFL-CIO*, 913 F.2d 544, 557 (8th Cir. 1990) (OSHA report properly excluded "because it contained merely unproven allegations of violations."). Even if Cintas could respond, the same mini-trial that would result if the OSHA Citations ▓▓▓▓▓▓▓▓▓▓ were admitted would be necessary, and for this reason alone exclusion of all references to the OSHA Investigation is appropriate. *Pitt-Des Moines, Inc.*, 168 F.3d at 992. Evidence or testimony about the OSHA Investigation would not serve any legitimate purpose, and references to it should be excluded from this trial.

**V.    Conclusion**

For the reasons set forth above, Cintas respectfully requests that this Court issue an order *in limine* precluding the introduction of any evidence or testimony concerning the OSHA Citations ▓▓▓▓▓▓▓▓▓▓ as well as any reference to the OSHA Investigation.

        Respectfully submitted,

        /s/ Gregory M. Utter
        Gregory M. Utter
        Matthew K. Buck
        KEATING MUETHING & KLEKAMP PLL
        1 E. Fourth Street, Suite 1400
        Cincinnati, OH 45202
        Phone: (513) 579-6400
        Fax: (513) 579-6457

        Gene Robinson, OBA #10119
        THE ROBINSON LAW FIRM, P.C.
        1100 Remington Tower
        5810 East Skelly Drive
        Tulsa, Oklahoma 74135
        Phone: (918) 587-2311
        Fax: (918) 587-2317

        *Attorneys for Defendant, Cintas Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 1, 2010, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system and will serve counsel of record via electronic mail and ordinary mail.

        /s/Gregory M. Utter
          Gregory M. Utter

3345943.1