IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMALIA DIAZ TORRES, surviving spouse of ELEAZAR TORRES GOMEZ<br><br>Plaintiff,<br><br>-v-<br><br>CINTAS CORPORATION, LAVATECH, INC., CHARLES BENSON, STEVE JORDAN, and TOMMY COCANOUGHER,<br><br>Defendants. | Case No. 4:08-cv-00185-CVE-TLW |

**DEFENDANT CINTAS CORPORATION'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS FROM ASKING WITNESSES ABOUT THEIR GENERAL OPINIONS ON WORKPLACE SAFETY AND BRIEF IN SUPPORT**

Defendant Cintas Corporation ("Cintas") moves *in limine*, pursuant to Federal Rules of Evidence ("FRE") 402, 403 and 701, for an order precluding Plaintiff from repeating at trial a set of irrelevant questions, which sought unsupported and confusing lay opinion on what safety policies companies should adopt, that Plaintiff asked at depositions of Cintas employees in this matter.

**I.   Background**

As the Court is aware, this case concerns a fatal accident at Cintas's Tulsa, Oklahoma plant involving Eleazar Torres Gomez ("Mr. Torres"), and the sole issue involving Cintas to resolve at trial is whether Cintas intentionally injured Mr. Torres. *See Parret v. Unicco Serv. Co.*, 127 P.3d 572, 579 (Okla. 2005). Plaintiff – Mr. Torres's widow – has deposed current and former employees of Cintas. At virtually all of these depositions, Plaintiff has asked some version of the following questions, or asked the witness to agree or disagree with the following

statements, all of which were untethered to specific facts about Cintas, its Tulsa location, Mr. Torres, or the accident at issue:

- [redacted]

Plaintiff repeated some version of these questions and statements at virtually every deposition of a Cintas employee. [redacted]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**II.   Argument**

Plaintiffs should be precluded from repeating these questions at trial in front of the jury. First, by Plaintiff's counsel own admission, these questions and statements did not seek information specific to Cintas, but rather opinions about workplace safety in general. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ Cintas employees' general opinions concerning workplace safety at unnamed, hypothetical companies are irrelevant to the issue of whether Cintas intended to injure Mr. Torres or was substantially certain that his death would occur. Plaintiff should be precluded from asking these irrelevant questions under FRE 402.

Even if it had some tangential relevance, testimony concerning hypothetical company priorities and policies, and general discussions about what companies "should" do, would only serve to introduce new standards to the jury that are completely unrelated to the *Parret* standard that Plaintiff must meet. The introduction of these standards would only confuse the jury, would be unnecessarily cumulative, and consequently Plaintiff should be precluded from pursuing this line of questioning under FRE 403.

Finally, none of the Cintas employee witnesses have been called as experts. Therefore, they are lay witnesses and their opinions are only admissible if they "are (a) rationally based on

the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical or other specialized knowledge… ." FRE 701. A trial court has the discretion to admit or exclude lay opinion testimony. *Davoll v. Webb*, 194 F.3d 1116, 1136 (10th Cir.1999). Here, this testimony should be excluded. Hypothetical questions about companies other than Cintas cannot possibly be based on the perception of Cintas employees. Nor would such testimony be remotely helpful to the jury in understanding any testimony about the facts actually relevant to this case. The opinions stated by Cintas employees in response to stock, general questions about safety will not assist the jury in resolving the issues before it. *See Randolph v. Collectramatic*, 590 F.2d 844, 847-48 (10th Cir. 1999) (upholding district court decision to preclude fast food employee from testifying about design and safety features of pressure cooker). Plaintiff should be precluded from pursuing these questions at trial.

### III.   Conclusion

For the reasons set forth above, Cintas requests that this Court issue an order preventing Plaintiffs from asking any witness about his or her general opinions concerning workplace safety and company obligations and priorities.

- 5 -

Respectfully submitted,

/s/ Gregory M. Utter
Gregory M. Utter
Matthew K. Buck
KEATING MUETHING & KLEKAMP PLL
1 E. Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457

Gene Robinson, OBA #10119
THE ROBINSON LAW FIRM, P.C.
1100 Remington Tower
5810 East Skelly Drive
Tulsa, Oklahoma 74135
Phone: (918) 587-2311
Fax: (918) 587-2317

*Attorneys for Defendant, Cintas Corporation*

- 6 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 1, 2010, I electronically filed and served the foregoing with the Clerk of Courts using the CM/ECF system.

                                       /s/Gregory M. Utter
                                       Gregory M. Utter

3066407.1