**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AMALIA DIAZ TORRES, surviving spouse of ELEAZAR TORRES GOMEZ, <br><br> Plaintiff, <br><br> -v- <br><br> CINTAS CORPORATION, et al. <br><br> Defendants. | Case No. 4:08-cv-00185-CVE-TLW |

**DEFENDANT CINTAS CORPORATION'S MEMORANDUM IN**
**OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION *IN LIMINE***

## I.  INTRODUCTION

In the guise of a single motion *in limine*, Plaintiff has presented the Court with thirty-eight separate requests to exclude broad and often impossibly defined classes of evidence from trial. This omnibus motion amounts to nothing more than an unsubstantiated wish list. None of Plaintiff's requests is supported with citations to the record, none of Plaintiff's requests provides any explanation of the reasoning behind it, and all but one of Plaintiff's thirty-eight requests are unsupported by any legal authority (the other one is based on inapplicable law). Despite these crippling deficiencies, Cintas will stipulate to the following requests to narrow the issues in dispute and to relieve the Court as much as possible of the chore of sifting through the numerous, duplicative, vague, and unsupported requests in Plaintiff's motion: (1) Request No. 6: Tax Consequences; (2) Request No. 11: Costs Incurred by Counsel; (3) Request No. 14: Filing of this Motion in Limine; (4) Request No. 15: Settlement Negotiations or Agreements; (5) Request No. 20: Discovery Issues; (6) Request No. 25: Discovery; (7) Request No. 27: Interest; (8) Request No. 29: Residency and/or Citizenship; and (9) Request No. 36: Frivolous Lawsuits/Litigation

Crisis. As discussed below, however, the rest of the requests in Plaintiff's motion are devoid of any legal or factual merit and, therefore, should be denied.

## II.   LAW AND ARGUMENT

### A.   Plaintiff's Requests Are Conclusory and Unsupported by Law or Fact

The central and foundational flaw of nearly all of the twenty-nine remaining requests in Plaintiff's motion is a complete lack of a legal or factual basis and an absence of an explanation of why Plaintiff believes they should be granted. Courts have repeatedly denied motions *in limine* that suffer from these defects. *E.g.*, *Balzer v. South Kan. & Okla. R.R., Inc.*, No. 07-1132-KMH, 2009 WL 260841, at *2 (D. Kan. Feb. 4, 2009) (denying motion in *limine* because it was conclusory); *Santos v. Boeing Co.*, No. 02 C 9310, 2004 WL 2515873, at *7-8 (N.D. Ill. Nov. 5, 2004) (denying motions *in limine* because they were unsupported and conclusory); *Native Am. Arts v. Earthdweller, Ltd.*, No. 01 C 2370, 2002 WL 1173513, at *5 (N.D. Ill. May 31, 2002) (same). In *Santos*, the Court denied Boeing's twenty-two motions *in limine* because those motions (which, as here, were lumped together into "one" motion) "consisted[ed] of short portions of sentences laid out in the most conclusory fashion . . . , fail[ed] to provide any detailed elaboration for any of [their] positions[,] and [sometimes] . . . fail[ed] to provide any explanation at all for [their] position[s]." 2004 WL 2515873, at *7.

Plaintiff's motion suffers the same flaws and requires the same result. Plaintiff's motion contains no citations to factual sources and is unsupported by any evidence. Moreover, except in Request No. 33, Plaintiff makes no effort to support her requests with legal authority or to explain the reasons she believes the Court should grant them. Instead, Plaintiff simply makes the most cursory of assertions—for example, that the Court should exclude evidence "[t]hat Plaintiff and/or their counsel are affiliated with any union group[,] specifically Unite, or have received support or help from such group" (Dkt. 260, Request No. 34)—without providing any law or

logic to back them up. These are precisely the type of requests that courts have denied as being insufficient. *Santos*, 2004 WL 2515873, at *7 (denying Boeing's entire combined motion *in limine* and offering Boeing's request to exclude "any reference to assertions made by Plaintiff in his letter to Kathleen Leaver of the [EEOC] of March 6/7, 2003, unless used for impeachment purposes" as an example of a request that "fails to provide any reason for its contention" that the evidence it addresses "should be barred").

Request No. 33 fares no better, because even though it contains legal authority to support its argument, that authority is simply inapplicable. In Request No. 33, Plaintiff asserts that Cintas should not be allowed to argue that it cannot be held liable on Plaintiff's employer-intentional-tort claim unless the jury finds that someone in management took the action or possessed the knowledge necessary to support such a claim, because liability can be premised on the actions or knowledge of even a non-managerial employee as long as the employee was a servant of Cintas and was acting within the scope of his employment. (Dkt. 260, Request No. 33.) This argument is fundamentally flawed, because it is premised on the erroneous assumption that an employer-intentional-tort claim is a species of vicarious liability, like *respondeat superior*. (*See id.* (titling request, "'Management' as a Requirement of *Respondeat Superior* Liability").) It is not. Rather, it is a form of direct liability. *Weimerskirch v. Coakley*, No. 07AP-952, 2008 WL 928396, ¶¶ 7-8 (Ohio Ct. App. Apr. 8, 2008) (distinguishing employer-intentional-tort claim from *respondeat superior* and holding that employer-intentional-tort claim is a form of direct liability). Vicarious-liability principles do not apply. *See id.* (holding same).

To prove an employer-intentional-tort claim of the type Plaintiff asserts, one must prove that "*the employer* . . . intended the act that caused the injury with knowledge that the injury was substantially certain to follow." *Parret v. Unicco Serv. Co.*, 127 P.3d 572, 579 (Okla. 2005) (emphasis added). Courts have held that "[k]nowledge of a dangerous condition or risk can only

3

be imputed to an employer through senior management." *Weimerskirch*, 2008 WL 928396, ¶ 10 (*citing Witzgall v. Fenton Rigging Co.*, No. C870365, 1988 WL 68683 (Ohio Ct. App. June 29, 1988)). Therefore, Plaintiff's argument that she can prove her case with evidence of what certain unidentified non-managerial employees knew is wrong as a matter of law, and Request No. 33 should be denied.

### B. Many of Plaintiff's Requests Are Vague and Overly Broad.

In addition to being unsupported, a great number of Plaintiff's requests are remarkably vague, in that they fail to define the types of evidence they seek to exclude with sufficient specificity, or are overly broad, in that they seek to categorically exclude evidence that is admissible in certain circumstances. Courts have also recognized these as bases for denying motions *in limine*. *Balzer*, 2009 WL 260841, at *2 & n.5 (denying motion *in limine* for ambiguity and over-breadth); *Native Am. Arts*, 2002 WL 1173513, at *5 (same). Each of Plaintiff's requests identified below suffers from one or both of these flaws:

> 1. Request No. 3: Services Rendered Without Charge
> Request No. 10: Trial Tactics
> Request No. 13: Third Party Conduct/Negligence or [sic] Plaintiff
> Request No. 17: New and Independent Cause and/or Pre-Existing Condition
> Request No. 19: Trial Requests
> Request No. 21: Lawyer's Comments in Deposition
> Request No. 23: Expert Opinions
> Request No. 35: Advice to the Jury

These requests are vague either because their phrasing makes their meaning inscrutable (Dkt. 260, Request No. 17, 21, 23) or because they leave key terms undefined (*id.*, Request No. 3 ("other services rendered"), 10 ("side-bar comments"), 13 ("third party"), 19 ("Plaintiff's file"), 21 ("side-bar remark"), 35 ("submission")). In addition, many of them are overly broad. Request Number 10, for example, appears to request a complete prohibition on requests for documents or stipulations from Plaintiff's counsel before the jury at trial regardless of the circumstances in which such requests might be made. Accordingly, they should be denied.

4

      2.      Request No. 4: *Ex Parte* Statements and Hearsay/Failure to Call Witnesses
Request No. 5: Prior Arrests/Convictions and Pleas of Guilty
Request No. 8: Unauthenticated/Unproduced Documents or Evidence
Request No. 9: Referencing Audio-Visual Material
Request No. 12: Legal Conclusions
Request No. 24: Hearsay
Request No. 28: Golden Rule
Request No. 30: Expert Opinions About Whether Torres Received Particular Training
Request No. 31: Expert Opinions About State of Mind
Request No. 37: Cintas General Reputation or Character
Request No. 38: Cintas Alleged General Safety Record

These confusing requests seem to ask the Court to do nothing more than enforce the Federal Rules of Evidence concerning hearsay, prior crimes, authentication, lay witnesses, prejudice, and expert witnesses. To that extent, the requests are duplicative and should be denied. To the extent that they sweep more broadly, and ask the Court to exclude evidence that would be admissible under these rules, they go too far and should be denied. Finally, with respect to Requests No. 30 and 31, insofar as they seek the same relief as Plaintiff's motions *in limine* to exclude the testimony of Cintas's experts (Dr. William Howard, Mr. Edward Kwasnick, and Dr. Alfred Bowles), they should be denied for the reasons explained in Cintas's forthcoming oppositions to those motions.

      3.      Request No. 1: First Party Insurance
Request No. 2: Collateral Source Benefits

These requests are overbroad insofar as they seek to preclude Cintas from offering evidence of the amounts Plaintiff has received and will continue to receive in Workers' Compensation payments. As explained in Defendant Cintas Corporation's Motion *in Limine* for Credit for Workers' Compensation Payments Made to Plaintiff (Dkt. 286), the Workers' Compensation payments Cintas has made to Plaintiff were from a fund Cintas established to protect itself from liability and, therefore, are not from a collateral source. (*Id.* at 2-4.) And, because they are not from a collateral source, Cintas is entitled to offset them from any damages

5

award Plaintiff might obtain against Cintas.  (*Id.*)  Therefore, evidence of the amount of Workers' Compensation payments Plaintiff has received and will continue to receive is directly relevant to the amount of Plaintiff's alleged damages, and Cintas should be permitted to present evidence on that issue.

        4.    <u>Request No. 7: Undisclosed Witnesses and Late Designated Witnesses</u>

The portion of this request asking that testimony concerning "matters on which documents have not been produced to Plaintiff" (Dkt. 260, Request No. 7) is patently overbroad.  If an event were never described in a document, then a document concerning the event obviously could not be produced to Plaintiff, but that does not mean that the event never occurred.  ███ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████  Yet Plaintiff's request, as written, would exclude this testimony simply because there is no documentation to corroborate it.  There is no rule of evidence that would justify this result, and Plaintiff has cited none.  Hence, this aspect of the request should be denied.

The remainder of this request, seeking to preclude Cintas from calling or summarizing the testimony of any witness that it did not disclose before trial, is inconsistent with Federal Rule of Civil Procedure 26, which provides that a party need not disclose those witnesses that it intends to use solely for impeachment.  Fed. R. Civ. P. 23(a)(3)(A).  Accordingly, it should be denied.

     5.     <u>Request No. 16: Contributory Negligence</u>

This request should be denied for the reasons set forth in Defendant Cintas Corporation's Opposition to Plaintiff's Motion in Limine to Exclude Evidence of Eleazar Torres' Alleged Negligence or Comparative Fault, filed contemporaneously herewith.

     6.     <u>Request No. 18: Defendant's Defenses Not Pled</u>

This request is plainly contrary to Federal Rule of Civil Procedure 15(b), which provides that pleadings may be amended at trial if a party objects but the Court finds the evidence will aid in presenting the merits and the objecting party fails to satisfy the Court that the party would be prejudiced. Fed. R. Civ. P. 15(b). This request therefore should be denied to the extent that it is inconsistent with the Federal Rules of Civil Procedure.

     7.     <u>Request No. 22: Evidence</u>

Plaintiff is attempting to impose a requirement upon Cintas that does not exist under the Federal Rules of Evidence. There are a host of circumstances in which Cintas could question a witness about documents or materials that have not "previously been identified, marked, offered and admitted into evidence," such as to impeach a witness or to refresh a witness's recollection. As a result, this request must fail.

     8.     Request No. 26: Employment of Counsel
                <u>Request No. 34: Group Affiliations</u>

These requests are overly broad because they ignore the legitimate uses to which Cintas can put evidence concerning the circumstances in which Plaintiff retained her attorneys and concerning her affiliation with UNITE HERE! or another union group. For example, Cintas could permissibly use this evidence to show a witness's bias or to impeach Plaintiff's credibility. Notwithstanding that fact, Cintas does not intend to introduce evidence of Plaintiff's group affiliations unless Plaintiff addresses the issue. Nevertheless, the request should be denied.

9. Request No. 32: Expert Opinions Based on Post-Incident Practices

The scope of this request is unclear. To the extent it asks the Court to preclude Cintas's experts from offering testimony about Cintas's safety practices, training, or policies or the state of Cintas's knowledge concerning safety matters that the experts developed based on analysis they conducted after the time of Mr. Torres' accident (which would be all of their analysis, since they were not retained until after Plaintiff filed this suit), it is overly broad, because Cintas's experts can properly form opinions based on their review of documents, testimony, and other information that relate to the Cintas safety practices, training, and policies that were in place prior to and at the time of the accident. Consequently, to that extent, it should be denied.

## III. CONCLUSION

For the foregoing reasons, Cintas requests that the Court deny Plaintiff's counsel's Motion *in Limine*.

Respectfully submitted,

/s/ Gregory M. Utter
Gregory M. Utter
Matthew K. Buck
KEATING MUETHING & KLEKAMP PLL
1 E. Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457

Gene Robinson, OBA #10119
THE ROBINSON LAW FIRM, P.C.
1100 Remington Tower
5810 East Skelly Drive
Tulsa, Oklahoma 74135
Phone: (918) 587-2311
Fax: (918) 587-2317

*Attorneys for Defendant, Cintas Corporation*

3368205.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 19, 2010, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system and will serve counsel of record via electronic mail and ordinary mail.

                      /s/  Gregory M. Utter  
                      Gregory M. Utter