IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMALIA DIAZ TORRES, surviving spouse of ELEAZAR TORRES GOMEZ, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:08-CV-00185-CVE-TLW |
| CINTAS CORPORATION, and LAVATEC, INC. | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO CINTAS CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING AN INVESTIGATION BY THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION**

COMES NOW the Plaintiff, Amalia Diaz Torres, by and through her attorneys of record, and files this Response in opposition to Cintas Corporation's ("Cintas") motion *in limine* to exclude evidence pertinent to OSHA's investigation of Cintas following the death of Mr. Torres. For the reasons discussed below, Cintas' motion should be denied in its entirety.

**I.**
**INTRODUCTION AND SUMMARY**

The central issue to be decided in this case is whether Cintas acted or failed to act in such a way that a jury could reasonably infer Cintas knew of a "substantial certainty" that an employee like Mr. Torres would die. *Parret v. Unicco Cerv. Co.*, 127 P.3d 572 (Okla. 2005). As the Oklahoma Supreme Court explained in *Parret* the "substantial certainty" can be established by circumstantial evidence and "may be inferred from the employer's conduct and all the surrounding circumstances." *Id.*

Evidence that Cintas' procedures violated a number of existing federal safety regulations is highly probative and relevant to several related issues in this case, including the extent to which Cintas was aware of the risk of death or serious injury, whether Cintas

and the credibility and impeachment of several Cintas employees who gave different or conflicting testimony to OSHA during the government's independent investigation of Cintas shortly after the incident that killed Mr. Torres.

Contrary to Cintas' assertion, the investigation and citation are not offered as conclusive evidence that Cintas intended Mr. Torres' death, but as *some evidence* pertinent to the jury's determination of a number of issues concerning: (1) whether and to what extent Cintas implemented procedures for energy control; (2) whether Cintas trained its employees in those procedures; (3) whether Cintas inspected for compliance with those procedures; (4) whether it documented those inspections in written certifications and required by federal law; and, (5) whether Cintas implemented procedures that would have complied with federal regulations intended to reduce risks of death or serious injury likely to result from employees climbing onto elevated machinery. The investigation and citations are therefore relevant evidence, though not conclusive, of the question to be resolved by the jury.

Following the death of Mr. Torres at the Cintas plant in Tulsa, OSHA conducted a thorough investigation during which numerous written and stenographically recorded statements were taken of Cintas employees. The OSHA investigation, which included a review of the wash alley surveillance videos that will likely be key evidence at the trial of this case, culminated in a long list of citations for violation of applicable OSHA standards and fines, which Cintas agreed

to pay to the Federal government, totally nearly $3 million.  At the outset, Cintas' motion asks the impossible.  There is simply no way to completely screen from the jury's knowledge any evidence of the extensive investigation undertaken by OSHA after the death of Mr. Torres, since many of the witness statements and impeachment evidence that are likely to be presented in this case were obtained as part of that investigation and the fact that they were given in the context of an independent government investigation is probative of the weight of these prior statements that the jury should be able to consider in making credibility determinations for several key witnesses.  Aside from that, evidence of OSHA's investigation, and evidence of Cintas' violation of OSHA standards and resulting citations are relevant and important evidence on a number of issues that will arise at trial as discussed below.

## II.
### THE CITATIONS

Cintas received several categories of citations as a result of the OSHA investigation of its Tulsa plant following Mr. Torres death, all of which are relevant to fact issues to be decided by the jury.

First, the violations of applicable OSHA standards for the proper shutdown of machinery and equipment to avoid "increased or additional hazards to employees as a result of equipment stoppage," are probative of the issue of Cintas conscious disregard of a substantial certainty of death or serious injury because the violation of such standards shows that the conduct at issue went beyond mere negligence and was in violation of safety regulations intended for the purpose of protecting employees from hazardous machinery. (OSHA Tulsa Citation, Exhibit A at pp. 8-45)

Second, Cintas' numerous citations for violation of applicable OSHA standards requiring

each authorized employee to "receive training in the recognition of applicable hazardous energy sources, the type and magnitude of the energy available in the workplace, and the methods and means necessary for energy isolation and control" are directly relevant to the issue of whether Cintas provided training to its employees in managing the risks during the clearing of jammed clothing in the wash alley. As the Court knows from other filings in this case, Cintas' current employees testify to a one-time, brief and oral training that supposedly occurred sometime in late 2005 but for which Cintas has been wholly unable to produce any documentation. These OSHA citations as well as the citations for failure to perform annual inspections of energy control procedures are relevant to the issue of whether Cintas ever provided this undocumented training and even if it did so, whether it did so in such a way that it knowingly failed to monitor or enforce these procedures in violation of applicable federal regulations meant to protect worker safety. Indeed, OSHA concluded the wash room operators were "not trained in the recognition of applicable hazardous sources, the type and magnitude of the energy available in the workplace, and the methods and means necessary for energy isolation and control." Exhibit A at pp. 46-49.

Third, the violations of applicable OSHA standards for the periodic inspection of energy control procedures, which requires an annual inspection of the energy control procedures by someone other than the machine's operator is probative both of the issue of Cintas' intentional conduct in not monitoring the procedures used in the wash alley in violation of federal regulations as well as Cintas' knowledge of a substantial certainty of death or serious injury to its employees. Exhibit A at p. 6. This is corroborated by the statement Cintas employee Randy Harris gave during the OSHA investigation in which he states that no training was given for the

clearing of jams in the wash alley during the year prior to the incident that killed Mr. Torres. (Randy Harris OSHA Statement, Exhibit B) This further is evidence the jury can consider in deciding that Cintas' conduct was not merely negligent, but by disregarding federal regulations implemented to ensure worker safety, rises to the level of substantial certainty.

Fourth, Cintas' citation for violation of applicable OSHA regulations requiring *written* certification for each energy control procedure it reviewed in 2006 is directly relevant to the issue of whether Cintas provided the undocumented procedures it claims were in place, as the failure to document any inspections of these procedures is not just inconsistent with all of Cintas' own procedures and records for safety training, but a violation of federal law requiring documentation of the inspections for energy control procedures as well for which Cintas was cited and fined by OSHA. Exhibit A at p. 7.

Fifth, Cintas was cited and fined for violating applicable OSHA regulations prohibiting an employer from furnishing a place of employment that was not free of hazards "that were causing or likely to cause death or serious physical harm" because employees were climbing up onto an elevated area like the shuttle conveyor or hopper without Cintas providing fall protection systems and/or a safe means to access the elevated location by use of a ladder or similar equipment. Exhibit A at p. 5. This is further evidence that the limited oral training Cintas claims to have provided was not actually provided, because if it had been provided in the manner Cintas claims, which did not address fall protection or the risks from climbing onto elevated machinery, the training would still have been insufficient and in violation of OSHA regulations.    Further, this is probative of the fact that these regulations are intended for the purpose of preventing death or serious injury, and that Cintas consciously disregarded this risk in violation of applicable

federal laws.

## III.
### ARGUMENT & AUTHORITIES

**A. The Citations Are Relevant Evidence Probative of On Several Factual Issues.**

While not conclusive of the issue of whether an employer acted with substantial certainty, evidence that the employer's conduct violated applicable OSHA standards has been treated by several courts as one of the factors the jury may consider. *See e.g. Regan v. Amerimark Bldg. Prods.*, 489 S.E.2d 421, 426 (N.C. Ct. App. 1997)(whether employer's conduct violated OSHA standards was one of several factors to consider under North Carolina's "substantial certainty" test); *Brookover v. Flexmag Indus.*, 2002 Ohio 2404, (Ohio Ct. App. 2002)("we note that an OSHA citation may be relevant and admissible at trial to show that an employer committed an intentional tort.")(citing *Slack v. Henry*, 2000 Ohio 1945 (Ohio Ct. App. 2000)("Failure to comply with safety regulations is relevant to show that an employer required an employee to perform a dangerous task, knowing of the substantial certainty of injury."); *Maddox v. L.O. Warner*, 1996 Ohio App. LEXIS 380 (Ohio Ct. App. 1996)("stating that OSHA violations are one of many factors to consider in determining employer's intent")); *but see e.g. Cross v. Hydracrete Pumping Co.*, 133 Ohio App. 3d 501, 507 (Ohio Ct. App. 1999)(holding an OSHA violation may be sufficient for negligence but not for the purpose of imputing an intentional tort).

No court applying Oklahoma's "substantial certainty" test appears to have weighed in on the issue yet.  However, the Court need not take sides on the issue of whether an OSHA violation is a factor for the jury to consider.  Plaintiff does not seek to present evidence of the OSHA citations and violations as direct evidence that in so violating the standards, Cintas disregarded a substantial certainty of death.  Rather, the violations and citations are admissible on discrete,

disputed fact issues that are themselves relevant to the jury's final determination. Thus, this is not a situation in which the Court or the jury is asked to infer "substantial certainty" from the mere violation of OSHA regulations. Rather, this is a case where continued violation of these standards occurred *after* prior incidents almost identical to the one that killed Mr. Torres had put the company on notice that an employee was substantially certain to be killed or seriously injured in just the way that Mr. Torres was in the subject incident, and where Cintas claims to have implemented procedures as a result of that knowledge that were insufficient under applicable OSHA regulations as demonstrated by the citations.

While certainly not dispositive of the issue all by itself, the citations are evidence the jury should be allowed to consider in determining whether it believes Cintas implemented the undocumented training program as it claims, or even if it did, whether it knowingly allowed its employees to continue the prior practice of climbing onto the energized conveyor after Cintas was aware of a substantial certainly of death or serious injury.

**B. The Citations Are Findings Of A Public Agency and Therefore Not Hearsay.**

Cintas' next argument presents a grossly misleading use of ellipses. While conceding that fact findings of an investigation under color of law are admissible under the hearsay exception found in Evidence Rule 803(8), Cintas then tries to claim that the citations are not findings, quoting the "Citation and Notification of Penalty" with some well-placed omissions from that document: "(Issuance of this citation does not constitute a finding . . . ) (emphasis added)" citing to Exhibit B to Cintas' motion at page LA000533. Motion at p.7. However, what the document goes on to state is: "Issuance of this citation does not constitute a finding ***unless there is a failure to contest as provided for in the act or, if contested, unless the Citation is***

***affirmed by the Review committee or a court.***" Exhibit A at p. 1 (emphasis added). All of the emphasized text in that sentence was left out of Cintas' motion, and as is readily apparent, the actual document states nearly the opposite of the proposition for which Cintas cites it.

Indeed, the Court need look no further than Exhibit A to Cintas' motion to see that Cintas has clearly tried to mislead the Court. In its settlement with OSHA, Cintas expressly withdrew it contest of the citations, and agreed to the uncontested citations subject to a few amendments and agreed to pay $2.7 million in OSHA mandated fines. Exhibit 1 to Cintas' Motion at ¶3. Thus, the citations are amended slightly, but uncontested and therefore they *are* the findings of the agency as stated in the Citation and Notification of Penalty. Exhibit A at p. 1.

As public records created by a public agency containing its findings after conducting an investigation under authority of law, the citations are not hearsay and Cintas' objection should be overruled.

### C.  It Is Not Possible To Hide The OSHA Investigation From the Jury.

In Cintas' final point, it argues that the entire existence of the OSHA investigation should be concealed from the jury. Since many of the sworn and signed narratives and recorded statements of witnesses in this case were taken in the context of that investigation, and the context in which these statements were provided is a crucial factor the jury must consider in determining the weight to be given to them, there is no feasible way to keep the jury from hearing that there was an OSHA investigation of Cintas following the death of Mr. Torres.

For example, if at trial a Cintas employee changes or contradicts a statement made in his signed narrative from the OSHA investigation, the jury will need to consider the context of each statement in deciding which statement deserves to be given greater weight and credibility. It

would be extremely important for the jury to understand that many of these statements were made almost immediately after Mr. Torres death and were provided by employees in response to an independent government investigation of the incident and the practices leading up to it.

Furthermore and as explained above, in light of the fact that OSHA issued findings in connection with its investigation for which Cintas has withdrawn any contest, those citations are admissible evidence on a number of disputed fact issues about the extent of Cintas' response after learning of prior incidents substantially similar to the one that killed Mr. Torres in which other Cintas employees were seriously injured and nearly killed.

## IV.
### CONCLUSION & PRAYER

The OSHA investigation in inherently a part of the evidence in this case bearing on the credibility of witnesses and prior statements and therefore it is not feasible to completely keep from the jury that OSHA investigated Cintas after Mr. Torres' death.  Morever, the citations issued as part of that investigation, which contain uncontested findings, are relevant to key disputed facts that the jury may need to resolve in reaching a final decision on the question of whether there is circumstantial evidence that Cintas disregarded a substantial certainty of death or serious injury leading up to the death of Mr. Torres.  For these reasons, Cintas' motion should be denied.

Respectfully submitted,

**GARCIA & KARAM, L.L.P.**

By: /s/ Lino H. Ochoa _____
      Ricardo A. Garcia
      TBA NO. 07643200
      Aizar J. Karam, Jr.
      TBA NO. 00796860
      Lino H. Ochoa
      State Bar No. 00797168
      820 South Main
      McAllen, Texas 78501
      (956) 630-2882 - Telephone
      (956) 630-5393 – Facsimile

And

**FRASIER, FRASIER & HICKMAN, LLP**

By: /s/ Frank W. Frasier
      James E. Frasier,
      OBA #3108
      Steven R. Hickman, OBA #4172
      Frank W. Frasier, OBA 17864
      1700 Southwest Blvd.
      Tulsa, OK 74107-1730
      918.584.4724
      918.583.5637 *fax*
      Frasier@tulsa.com *e-mail*

And
**The McBride Law Firm**

By: /s/ Brendan K. McBride
      Brendan K. McBride
      TBA No. 24008900
      425 Soledad, Suite 620
      210-227-1200 (phone)
      210-8816752 (fax)
      brendan.mcbride@att.net

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 19th day of March, 2010, a true, correct, and exact copy of the foregoing document was served via electronic notice by the CM/ECF filing system to all parties on their list of parties to be served in effect this date.


Gene Robinson
The Robinson Law Firm, P.C.
1100 Remington Tower
5810 East Skelly Dr.
Tulsa, OK 74135

Matthew K. Buck
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, OH 45202
**Attorneys for Cintas Defendants**


                                                            /s/ Lino H. Ochoa

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

AMALIA DIAZ TORRES, surviving          )
spouse of ELEAZAR TORRES GOMEZ,        )
                                       )
        Plaintiff,                     )
                                       )
v.                                     ) Case No.  4:08-CV-00185-CVE-TLW
                                       )
CINTAS CORPORATION, and LAVATEC,       )
INC.                                   )
                                       )
        Defendants.                    )

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO CINTAS
CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING AN
INVESTIGATION BY THE OCCUPATIONAL SAFETY AND HEALTH
ADMINISTRATION**

COMES NOW the Plaintiff, Amalia Diaz Torres, by and through her attorneys of record,

and files this Response in opposition to Cintas Corporation's ("Cintas") motion *in limine* to

exclude evidence pertinent to OSHA's investigation of Cintas following the death of Mr. Torres.

For the reasons discussed below, Cintas' motion should be denied in its entirety.

**I.**
**INTRODUCTION AND SUMMARY**

The central issue to be decided in this case is whether Cintas acted or failed to act in such

a way that a jury could reasonably infer Cintas knew of a "substantial certainty" that an

employee like Mr. Torres would die. *Parret v. Unicco Cerv. Co.*, 127 P.3d 572 (Okla. 2005).

As the Oklahoma Supreme Court explained in *Parret* the "substantial certainty" can be

established by circumstantial evidence and "may be inferred from the employer's conduct and all

the surrounding circumstances." *Id.*

Evidence that Cintas' procedures violated a number of existing federal safety regulations is highly probative and relevant to several related issues in this case, including the extent to which Cintas was aware of the risk of death or serious injury, whether Cintas

, and the credibility and impeachment of several Cintas employees who gave different or conflicting testimony to OSHA during the government's independent investigation of Cintas shortly after the incident that killed Mr. Torres.

Contrary to Cintas' assertion, the investigation and citation are not offered as conclusive evidence that Cintas intended Mr. Torres' death, but as *some evidence* pertinent to the jury's determination of a number of issues concerning: (1) whether and to what extent Cintas implemented procedures for energy control; (2) whether Cintas trained its employees in those procedures; (3) whether Cintas inspected for compliance with those procedures; (4) whether it documented those inspections in written certifications and required by federal law; and, (5) whether Cintas implemented procedures that would have complied with federal regulations intended to reduce risks of death or serious injury likely to result from employees climbing onto elevated machinery.  The investigation and citations are therefore relevant evidence, though not conclusive, of the question to be resolved by the jury.

Following the death of Mr. Torres at the Cintas plant in Tulsa, OSHA conducted a thorough investigation during which

The OSHA investigation, which

culminated in a

long list of citations for violation of applicable OSHA standards and fines,

At the outset, Cintas' motion asks the impossible. There is simply no way to completely screen from the jury's knowledge any evidence of the extensive investigation undertaken by OSHA after the death of Mr. Torres, since many of the                    and impeachment evidence that are likely to be presented in this case were obtained as part of that investigation and the fact that they were given in the context of an independent government investigation is probative of the weight of these                    that the jury should be able to consider in making credibility determinations for several key witnesses. Aside from that, evidence of OSHA's investigation, and evidence of Cintas' violation of OSHA standards and resulting citations are relevant and important evidence on a number of issues that will arise at trial as discussed below.

## II.
### THE CITATIONS

Cintas received several categories of citations as a result of the OSHA investigation of its Tulsa plant following Mr. Torres death, all of which are relevant to fact issues to be decided by the jury.

First, the violations of applicable OSHA standards for the


are probative of the issue of Cintas conscious disregard of a substantial certainty of death or serious injury because the violation of such standards shows that the conduct at issue went beyond mere negligence and was in violation of safety regulations intended for the purpose of protecting employees from hazardous machinery. (OSHA Tulsa Citation, Exhibit A at pp. 8-45)

Second, Cintas' numerous citations for violation of applicable OSHA standards requiring

are directly relevant to the issue of whether

Cintas provided training to its employees in managing the risks during the clearing of jammed

clothing in the wash alley.  As the Court knows from other filings in this case,

These OSHA

citations as well as the citations for failure to perform annual inspections of energy control

procedures are relevant to the issue of whether Cintas

Indeed, OSHA concluded the

Third, the violations of applicable OSHA standards for the

of the issue of Cintas' intentional

conduct in                                                               in violation of federal

regulations as well as Cintas' knowledge of a substantial certainty of death or serious injury to its

employees.                         This is corroborated by the statement Cintas employee

gave during the OSHA investigation in which he states that no training was given for the

clearing of jams in the wash alley during the year prior to the incident that killed Mr. Torres.

This further is evidence the jury can consider in deciding that Cintas' conduct was not merely negligent, but by disregarding federal regulations implemented to ensure worker safety, rises to the level of substantial certainty.

Fourth, Cintas' citation for violation of applicable OSHA regulations requiring

issue of whether Cintas provided the

but a violation of federal law requiring documentation of the inspections for energy control procedures as well for which

Fifth, Cintas was cited and fined for violating applicable OSHA regulations

"that were

This is further evidence that the

Further, this is probative of the fact that these regulations are intended for the purpose of preventing death or serious injury, and that Cintas consciously disregarded this risk in violation of applicable

federal laws.

### III.
### ARGUMENT & AUTHORITIES

**A. The Citations Are Relevant Evidence Probative of On Several Factual Issues.**

While not conclusive of the issue of whether an employer acted with substantial certainty,

evidence that the employer's conduct violated applicable OSHA standards has been treated by

several courts as one of the factors the jury may consider. *See e.g. Regan v. Amerimark Bldg.*

*Prods.*, 489 S.E.2d 421, 426 (N.C. Ct. App. 1997)(whether employer's conduct violated OSHA

standards was one of several factors to consider under North Carolina's "substantial certainty"

test); *Brookover v. Flexmag Indus.*, 2002 Ohio 2404, (Ohio Ct. App. 2002)("we note that an

OSHA citation may be relevant and admissible at trial to show that an employer committed an

intentional tort.")(citing *Slack v. Henry*, 2000 Ohio 1945 (Ohio Ct. App. 2000)("Failure to

comply with safety regulations is relevant to show that an employer required an employee to

perform a dangerous task, knowing of the substantial certainty of injury."); *Maddox v. L.O.*

*Warner*, 1996 Ohio App. LEXIS 380 (Ohio Ct. App. 1996)("stating that OSHA violations are

one of many factors to consider in determining employer's intent")); *but see e.g. Cross v.*

*Hydracrete Pumping Co.*, 133 Ohio App. 3d 501, 507 (Ohio Ct. App. 1999)(holding an OSHA

violation may be sufficient for negligence but not for the purpose of imputing an intentional tort).

No court applying Oklahoma's "substantial certainty" test appears to have weighed in on

the issue yet. However, the Court need not take sides on the issue of whether an OSHA violation

is a factor for the jury to consider. Plaintiff does not seek to present evidence of the OSHA

citations and violations as direct evidence that in so violating the standards, Cintas disregarded a

substantial certainty of death. Rather, the violations and citations are admissible on discrete,

disputed fact issues that are themselves relevant to the jury's final determination.  Thus, this is not a situation in which the Court or the jury is asked to infer "substantial certainty" from the mere violation of OSHA regulations.  Rather, this is a case where

that an employee was substantially certain to be killed or seriously injured in just the way that Mr. Torres was in the subject incident, and where Cintas claims to have

While certainly not dispositive of the issue all by itself, the citations are evidence the jury should be allowed to consider in determining whether it believes Cintas

, or even if it did, whether it knowingly allowed its employees to

was aware of a substantial certainly of death or serious injury.

## B. The Citations Are Findings Of A Public Agency and Therefore Not Hearsay.

Cintas' next argument presents a grossly misleading use of ellipses.  While conceding that fact findings of an investigation under color of law are admissible under the hearsay exception found in Evidence Rule 803(8), Cintas then tries to claim that the citations are not findings, quoting the "Citation and Notification of Penalty" with some well-placed omissions from that document: "(Issuance of this citation does not constitute a finding . . . ) (emphasis added)" citing to                                        Motion at p.7.  However, what the document goes on to state is:

All of the emphasized text in that sentence was left out of Cintas' motion, and as is readily apparent, the actual document states nearly the opposite of the proposition for which Cintas cites it.

Indeed, the Court need look no further than Exhibit A to Cintas' motion to see that Cintas has clearly tried to mislead the Court. In its           with OSHA,


Thus,

the                                                  therefore they *are* the findings of the agency as stated in the Citation and Notification of Penalty.

As public records created by a public agency containing its findings after conducting an investigation under authority of law, the citations are not hearsay and Cintas' objection should be overruled.

### C. It Is Not Possible To Hide The OSHA Investigation From the Jury.

In Cintas' final point, it argues that the entire existence of the OSHA investigation should be concealed from the jury. Since many of the sworn and signed narratives and recorded statements of witnesses in this case were taken in the context of that investigation, and the context in which these statements were provided is a crucial factor the jury must consider in determining the weight to be given to them, there is no feasible way to keep the jury from hearing that there was an OSHA investigation of Cintas following the death of Mr. Torres.

For example, if at trial a Cintas employee changes or contradicts a statement made in his signed narrative from the OSHA investigation, the jury will need to consider the context of each statement in deciding which statement deserves to be given greater weight and credibility. It

would be extremely important for the jury to understand that many of these statements were made almost immediately after Mr. Torres death and were provided by employees in response to an independent government investigation of the incident and the practices leading up to it.

Furthermore and as explained above, in light of the fact that OSHA issued findings in connection with its investigation

admissible evidence on a number of disputed fact issues about the extent of Cintas' response after learning of prior incidents substantially similar to the one that killed Mr. Torres in which other Cintas employees were seriously injured and nearly killed.

## IV.
### CONCLUSION & PRAYER

The OSHA investigation in inherently a part of the evidence in this case bearing on the credibility of witnesses and prior statements and therefore it is not feasible to completely keep from the jury that OSHA investigated Cintas after Mr. Torres' death.  Moreover, the citations issued as part of that investigation, which contain                         are relevant to key disputed facts that the jury may need to resolve in reaching a final decision on the question of whether there is circumstantial evidence that Cintas disregarded a substantial certainty of death or serious injury leading up to the death of Mr. Torres.  For these reasons, Cintas' motion should be denied.

Respectfully submitted,

**GARCIA & KARAM, L.L.P.**


By: /s/ Lino H. Ochoa_____
   Ricardo A. Garcia
   TBA NO. 07643200
   Aizar J. Karam, Jr.
   TBA NO. 00796860
   Lino H. Ochoa
   State Bar No. 00797168
   820 South Main
   McAllen, Texas 78501
   (956) 630-2882 - Telephone
   (956) 630-5393 – Facsimile


And

**FRASIER, FRASIER & HICKMAN, LLP**

By: /s/ Frank W. Frasier
   James E. Frasier,
   OBA #3108
   Steven R. Hickman, OBA #4172
   Frank W. Frasier, OBA 17864
   1700 Southwest Blvd.
   Tulsa, OK 74107-1730
   918.584.4724
   918.583.5637 *fax*
   Frasier@tulsa.com *e-mail*
And
**The McBride Law Firm**

By: /s/ Brendan K. McBride
   Brendan K. McBride
   TBA No. 24008900
   425 Soledad, Suite 620
   210-227-1200 (phone)
   210-8816752 (fax)
   brendan.mcbride@att.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 19th day of March, 2010, a true, correct, and exact copy of the foregoing document was served via electronic notice by the CM/ECF filing system to all parties on their list of parties to be served in effect this date.

Gene Robinson
The Robinson Law Firm, P.C.
1100 Remington Tower
5810 East Skelly Dr.
Tulsa, OK 74135

Matthew K. Buck
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, OH 45202
**Attorneys for Cintas Defendants**

/s/ Lino H. Ochoa