IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMALIA DIAZ TORRES, surviving spouse of ELEAZAR TORRES GOMEZ )<br>)<br>)<br>Plaintiff, )<br>)<br>-v- )<br>)<br>CINTAS CORPORATION, LAVATECH, INC., CHARLES BENSON, STEVE JORDAN, and TOMMY COCANOUGHER, )<br>)<br>)<br>)<br>Defendants. ) | Case No. 4:08-cv-00185-CVE-TLW |

**REDACTED DEFENDANT CINTAS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING AN INVESTIGATION BY THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION**

Defendant Cintas Corporation ("Cintas") files the following reply in support of its Motion *In Limine* to Exclude Evidence Concerning an Investigation By the Occupational Safety and Health Administration ("OSHA") (Dkt. 255) ("Motion"):

**I.     Introduction**

This Court should issue an order *in limine* precluding Plaintiff from referring to OSHA Citations, [REDACTED], and the underlying OSHA Investigation because:

- [REDACTED]

- The Oklahoma Supreme Court, in a case (like this one) brought under the "substantial certainty" standard set forth in *Parret v. Unicco Serv. Co.*, 127 P.3d 572, 579 (Okla. 2005), recently held that "violation of government safety regulations, even if willful and knowing, does not rise to the level of an intentional tort or an actual intent to injure." *Price v. Howard*, --- P.3d ----, 2010 WL 925175 ¶ 16 (Okla. Mar. 16, 2010) (not yet released for publication). The OSHA Citations are irrelevant in this intentional tort case.

- Despite Plaintiff's claim to the contrary, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- Plaintiff grossly exaggerates the practical concerns involved with excluding references to the OSHA Investigation from the jury.

For all of these reasons, and the reasons stated below, Cintas's Motion should be granted, and Plaintiff should be ordered *in limine* to refrain from making any references to OSHA at trial.

## II.    Argument

### A.    The OSHA Citations Are Irrelevant and Unduly Prejudicial

In her opposition to the Motion (Dkt. 315) ("Opposition"), Plaintiff claims that the OSHA Citations "are admissible on discrete, disputed fact issues that are themselves relevant to the jury's final determination." Opposition at 7. Among the issues Plaintiff identifies are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiff

further claims that ███████████████████████████████████████

███████████████████████████████████████████████████████████

█████████ Opposition at 7.  These arguments should be rejected.  ████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████ The present trial should focus on evidence concerning the actions (and knowledge) of the parties on the day of and prior to the accident – not on after-the-fact allegations.  The OSHA Citations should be excluded.

As the Court knows, ███████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████ There are no new facts in the OSHA Citations – other than the fact that the government, through OSHA, investigated Cintas, which Plaintiff no doubt believes will lead the jury to conclude some violation of law must have occurred.  That is not a leap the jury should be permitted to take, ███

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

As Plaintiff notes, there is no blanket rule excluding OSHA Citations in intentional tort cases brought under the "substantial certainty" standard, and courts have admitted them in

---

[1] Specifically, Plaintiff must prove that Cintas "desired to bring about [Mr. Torres's] injury or … acted with the knowledge that such injury was substantially certain to result from [its] conduct."  *Parret*, 127 P.3d at 579.  In order to find a "willful" violation ████████████████████████████████████ ████████████████████████, OSHA must determine that an employer "willfully or repeatedly" violated the OSHA Act (29 USC § 666(a)), a standard which has nothing to with injuries or certainty about potential injuries and which therefore is irrelevant here.

certain circumstances. Opposition at 6.[2] Although, as Plaintiff correctly points out, Oklahoma courts have not specifically addressed the admissibility of OSHA Citations in a case such as this, the Oklahoma Supreme Court did recently hold in a *Parret* case that "violation of government safety regulations, even if willful and knowing, does not rise to the level of an intentional tort or an actual intent to injure." *Price*, 2010 WL 925175 ¶ 16. Under the *Parret* standard, as interpreted by the court that rendered it, the OSHA Citations have no relevance to Plaintiff's intentional tort claim, and certainly not enough relevance to overcome the obvious undue prejudice and confusion they will cause.

Plaintiff claims the OSHA Citations should be admitted because "this is not a situation in which the Court or the jury is asked to infer 'substantial certainty' from the mere violation of OSHA regulations… ." *Id.* at 7. ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

---

[2] That said, as Plaintiff acknowledges, one of the cases she cites held that OSHA violations are admissible only to demonstrate negligence, not substantial certainty. *Cross v. Hydracrete Plumbing Co.*, 133 Ohio App. 3d 501, 507 (Ohio Ct. App. 1999). As Plaintiff does not acknowledge, one of the other decisions cited reached the same conclusion. *See Maddox v. L.O.*, 1996 Ohio App. LEXIS 380, 1996 WL 50152 at *3 (Ohio App. 2 Dist) ("[E]vidence of … OSHA violations may show that [Defendant] was negligent, and perhaps even reckless. It does not, however, show that the injury was a substantial certainty to occur.") (In *Price*, as discussed above, the Oklahoma Supreme Court reached the same conclusion.) (2010 WL 925175 ¶ 16.) And Plaintiff cites to the *dissent* in one decision, where in any event the court was considering OSHA citations that had been issued *before* the accident at issue in the litigation. *Regan v. Amerimark Building Products, Inc.*, 127 N.C.App. 225, 226, 489 S.E.2d 421 (1997),

Moreover, as Cintas has already shown, many courts have excluded evidence and testimony concerning OSHA citations in subsequent civil lawsuits where, as here, they would serve only to confuse the issues. Motion at 6-7 *citing Vice v. Northern Telecom, Inc.*, Civ. A. No. 94-1235, 1996 WL 507340, at *1-2 (E.D. La. Sept. 6, 1996); *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 582 (5th Cir. 1985); *Hoffman v. Houghton Chem. Corp.*, 751 N.E.2d 848, 860 n.21 (Mass. 2001); *Abbott v. Jarrett Reclamation Serv., Inc.*, 726 N.E.2d 511, 525-26 (Ohio Ct. App. 1999) (*quoting* Rothstein, Occupational Safety and Health Law 561, § 513 (4th ed. 1998)).

[redacted]

These are the very arguments Plaintiff claims she will not make, and they are precisely the arguments that will confuse and mislead the jury. This Court should exercise its discretion and exclude the OSHA Citations (and any other references to any OSHA investigation) pursuant to Federal Rules of Evidence ("FRE") 402 and 403.

**B. The OSHA Citations Are Inadmissible Hearsay**

[redacted]

---

[redacted]

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████

Plaintiff completely ignores the point that, even if the "factual finding" exception were in play, the statements would still be hearsay if "the sources of information or other circumstances indicate lack of trustworthiness." FRE 803(8). Nothing indicates that the Citations are a trustworthy source of information. It is unknown which individual made the assertions contained in the OSHA Citations, what they were based on, and what steps were taken to determine that they were accurate. Plaintiff has not included a single OSHA representative on its witness list. Cintas will not be able to cross-examine the authors of the Citations, or anyone else involved in the investigation. ████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████ This Court should exclude the OSHA Citations as hearsay, just as many courts have done before. *U.S. v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 992 (7th Cir. 1999); *Millison v. E.I. du Pont de Nemours and Co.*, 545 A.2d 213, 223-24 (N.J. Super. Ct. 1988).

  **C.**  **Excluding Evidence of the OSHA Investigation Is Practical**

Plaintiff lastly claims that it is "not possible" to hide the existence of the OSHA Investigation from the jury. These concerns are exaggerated. ██████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

- 6 -

██████████████████████████████████████████████████████████████████████  In the event that Plaintiff is able to move a document referencing the OSHA Investigation into evidence, or otherwise show it to the jury, it will be similarly simple to redact any references to OSHA or an investigation.

In fact, practical and logistical concerns favor exclusion of references to OSHA. If the OSHA Investigation is referred to, Cintas will have the right to "present evidence explaining the OSHA investigation process … and the difference between an OSHA investigation and a criminal prosecution … [leading to] a mini-trial on the OSHA citation[s] [that] could distract and confuse the jury from the main issues in the case." *Pitt-Des Moines*, 168 F.3d at 992. This is precisely the type of side-show the Court can avoid by excluding evidence pursuant to FRE 403, and this Court should exercise that discretion and exclude all references to the OSHA Investigation.

### III. Conclusion

For all of these reasons, and for the reasons set forth in its Motion, Cintas respectfully requests that this Court issue an order *in limine* precluding the introduction of any evidence or testimony concerning the OSHA Citations ████████████████, as well as any reference to the OSHA Investigation.

        Respectfully submitted,

        /s/ Gregory M. Utter
        Gregory M. Utter
        Matthew K. Buck
        KEATING MUETHING & KLEKAMP PLL
        1 E. Fourth Street, Suite 1400
        Cincinnati, OH 45202
        Phone: (513) 579-6400
        Fax: (513) 579-6457

        Gene Robinson, OBA #10119
        THE ROBINSON LAW FIRM, P.C.
        1100 Remington Tower
        5810 East Skelly Drive
        Tulsa, Oklahoma 74135
        Phone: (918) 587-2311
        Fax: (918) 587-2317

        *Attorneys for Defendant, Cintas Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2010, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system and will serve counsel of record via electronic mail and ordinary mail.

        /s/Gregory M. Utter
           Gregory M. Utter

3378424