# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

AMALIA DIAZ TORRES, surviving     )
spouse of ELEAZOR TORRES GOMEZ,   )
                                )
        **Plaintiff,**           )
                                )
v.                               )     **Case No. 08-CV-0185-CVE-TLW**
                                )
CINTAS CORPORATION,         )
                                )
        **Defendant.**       )

## OPINION AND ORDER

Now before the Court are the following motions: Defendant Cintas Corporation's Motion in Limine to Exclude Speculative References to Pain and Suffering (Dkt. ## 252, 253); Plaintiff's Motion in Limine (Dkt. # 260); Plaintiff's Motion in Limine to Exclude Evidence of Eleazor Torres' Alleged Negligence or Comparative Fault (Dkt. ## 258, 262); Defendant Cintas Corporation's Motion in Limine to Allow Jury to View Evidence at Accident Site and Brief in Support (Dkt. ## 253, 264); Defendant Cintas Corporation's Motion in Limine to Exclude Evidence Concerning an Investigation by the Occupational Health and Safety Administration and Brief in Support (Dkt. ## 255, 265); Defendant Cintas Corporations' Motion in Limine to Exclude Evidence Concerning Subsequent Remedial Measures and Brief in Support (Dkt. ## 256, 268);[1] Defendant Cintas Corporation's Motion in Limine to Exclude Evidence Concerning Other Incidents and Conduct at

---

[1]    Defendant Cintas Corporation (Cintas) states that the parties have reached an agreement concerning Cintas' motion for a jury site visit (Dkt. ## 253, 264) and Cintas' motion to exclude evidence of subsequent remedial measures (Dkt. ## 256, 268). Dkt. # 374. At the pretrial conference, the parties stated that they have resolved these motions, and the Court finds that Cintas' motion for a jury site visit (Dkt. ## 253, 264) and motion to exclude evidence of subsequent remedial measures (Dkt. ## 256, 268) are **moot**.

Different Cintas Facilities (Dkt. ## 275, 279); Defendant Cintas Corporation's Motion in Limine to Exclude Evidence of the OSHA Interview Narrative Purportedly Given by Randy Harris (Dkt. ## 281, 282); Defendant Cintas Corporation's Motion in Limine to Preclude Plaintiffs from Asking Witnesses about the General Opinions on Workplace Safety and Brief in Support (Dkt. ## 283, 284).[2]

Plaintiff's claims against defendant Lavatech, Inc. have been dismissed with prejudice, see Dkt. # 400), and the sole remaining claim for trial is plaintiff's Parret claim against Cintas.  In this case, Eleazor Torres Gomez fell into a dryer while trying to clear a jam and died as a result of the incident.  Cintas was decedent's employer and ordinarily the exclusive remedy for a workplace injury suffered by an employee is workers' compensation.  OKLA. STAT. tit. 85, §§ 11, 12; Sizemore v. Continental Cas. Co., 142 P.3d 47, 52 (Okla. 2006); Davis v. CMS Continental Natural Gas, Inc., 23 P.3d 288, 292 (Okla. 2001).  However, the Oklahoma Workers' Compensation Act provides the exclusive remedy for accidental workplace injuries, and an injured employee may still be able to bring a tort claim against his employer for injuries caused by an employer's intentional conduct. Roberts v. Barclay, 369 P.2d 808 (Okla. 1962).  In Parret v. UNICCO Service Co., 127 P.3d 572 (Okla. 2005), the Oklahoma Supreme Court adopted the substantial certainty standard to determine if an employer's conduct constitutes an intentional act falling outside of the exclusive remedy provision of the workers' compensation act and held that:

> [i]n order for an employer's conduct to amount to an intentional tort, the employer
> must have (1) desired to bring about the worker's injury or (2) acted with knowledge

---

[2]     The Court Clerk treated only the unsealed versions of the motions in limine as pending motions, but citations to both the sealed and unsealed versions are included in this Opinion and Order.  Plaintiff's omnibus motion in limine (Dkt. # 260) was not filed under seal, and only one docket number is provided for that motion.

that such injury was substantially certain to result from the employer's conduct. Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow. The issue is not merely whether the injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur. The employer's subjective appreciation of the substantial certainty of injury must be demonstrated.

Id. at 579. It is not sufficient that the employer had knowledge of a risk of injury to its employees, but the evidence must establish that the employer acted with knowledge that an injury was substantially certain to result from the employer's conduct. Id.

A central issue in the motions in limine is the legal standard to hold Cintas liable for an intentional tort. Much of the evidence plaintiff seeks to introduce goes to a hypothetical standard of care or regulatory standards for a safe workplace. Allowing plaintiff to use much of this evidence might suggest to the jury that the proper legal standard is closer to negligence than an intentional tort. However, Cintas seeks to exclude all evidence generally going to the safety of the workplace, but some of it may relate specifically to the discrete hazard that caused decedent's death. Considering that plaintiff's claim is based on a "narrow" exception to the exclusivity provisions of Oklahoma workers' compensation law, plaintiff's case will be more streamlined than her motions in limine and responses suggest, to avoid the implication that Cintas can be held liable for generally operating an unsafe workplace, even if she fails to prove that Cintas knew with substantial certainty that its actions would injure the decedent. Parret, 127 P.3d at 579 ("This pronouncement is not intended to expand the narrow intentional tort exception to workers' compensation exclusivity.").

3

**Defendant's Motions in Limine**

Motion to Exclude Speculative References to Pain and Suffering (Dkt. ## 252, 253)

Defendant argues that the exact cause of decedent's death is unknown and the Court should exclude references to decedent's hypothetical pain and suffering unless plaintiff can establish the cause of death and provide evidence as to the pain and suffering actually suffered by decedent. Defendant argues that plaintiff has not disclosed any experts who will testify as to the pain and suffering of decedent, and any opinions by lay witnesses on this issue should be excluded. Plaintiff responds that she will present the testimony of a witness, Michael Cody, who survived a fall into a dryer at Cintas' Painesville, Ohio plant, and Cody's testimony will rebut the expert testimony of Alfred Bowles, M.D.

This motion in limine is denied. While lay witnesses should not be permitted to discuss the medical cause of decedent's death, plaintiff should not be prohibited from offering evidence concerning the internal workings of the dryer and reasonable inferences that decedent likely suffered physical and emotional pain before he died. In particular, Cody's testimony may be used to rebut Dr. Bowles' testimony, because Cody's firsthand account is relevant to plaintiff's claim that decedent suffered physical and emotional pain before his death.[3] This evidence is relevant and not unfairly prejudicial to defendant. However, plaintiff will not be permitted to speculate about the extent and nature of the suffering without some factual basis for this type of evidence. Defendant's motion in limine is **granted** to the extent that plaintiff's witnesses are prohibited from speculating

---

[3]     Even defendant's medical causation expert, Alfred Bowles, M.D., acknowledges that, for a brief period of time before allegedly receiving a head injury causing concussion, decedent would have been conscious and he could not rule out that decedent suffered some type of physical or emotional pain. Dkt. # 372, Ex. A, at 9.

about pain and suffering, but defendant's motion is **denied** to the extent that defendant seeks to prevent plaintiff from offering any evidence of decedent's pain and suffering.

Motion to Exclude Evidence of an Investigation by the Occupational Safety and Health Administration (OSHA) into Decedent's Death (Dkt. ## 255, 265)

Defendant asks the Court to exclude evidence of "(1) citations issued to Cintas by [OSHA] . . .; (2) any settlement between Cintas and OSHA; and (3) any reference to the OSHA investigation that led to the Citations and the Settlement. . . ." Dkt. # 255, at 1. Plaintiff agrees that OSHA citations should not be used as direct evidence against Cintas. However, plaintiff argues that the recorded statements taken during OSHA's investigation may be used to impeach witnesses, and some of the citations directly refute Cintas' claims that certain training was provided to decedent.

Courts have split as to whether evidence of OSHA investigations and citations are inadmissible in an intentional tort case against an employer. Kuhnert v. John Morrell & Co. Meat Packing, Inc., 5 F.3d 303, 305 (8th Cir. 1993) (OSHA citations concerning general workplace safety were not relevant to show that employer knew with substantial certainty that employee would be injured by a specific hazard that was not the subject of an OSHA violation); Fermaintt ex rel. Estate of Lawlor v. McWane, Inc., ___ F. Supp. 2d ___, 2010 WL 786579 (D.N.J. Mar. 5, 2010) (noting that existence of OSHA citations is a factor under New Jersey law to determine whether an employer intentionally injured an employee); Fanguy v. Eastover Country Club L.L.C., 2002 WL 1888901 (E.D. La. Aug. 16, 2002) (OSHA citations showed, at most, gross negligence, and were not relevant in an intentional tort case); Estate of Micheal Merrell v. M. Weingold & Co., 2007 WL 1776367 (Ohio Ct. App. June 21, 2007) ("we find that although OSHA violations are not per se evidence of an intentional tort, they are one of may factors to be considered in determining an employer's intent in an intentional tort action"); Pendergrass v. R.D. Michaels, Inc., 936 So. 2d 684 (Fla. Dist. Ct.

App. 2006) (willful OSHA violation showed "plain indifference" to a regulation, but it was not relevant to show that employer was substantially certain an injury would occur). In Price v. Howard, ___ P.3d ___, 2010 WL 925175 (Okla. Mar. 16, 2010), the Oklahoma Supreme Court stated that "violation of governmental regulations, even if willful and knowing, does not rise to the level of an intentional tort or actual intent to injure," but the court did not address the evidentiary issue raised by Cintas. Id. at *4.

In this case, OSHA opened an investigation of Cintas following decedent's death and OSHA issued citations to Cintas for, inter alia, employees "stand[ing] on top of the Lavatec Shuttle/Conveyor at the door to the Lavatec Dryer to unjam a load at the dryer door." Dkt. # 255-3, at 5. However, many of the citations went to workplace safety issues unrelated to the risk that caused decedent's death. OSHA issued a proposal recommending that Cintas be fined approximately $2.7 million and Cintas states that it reached a global settlement with OSHA without admitting any liability. Dkt. # 255, at 4. Cintas also states that the citations were withdrawn.[4]

Defendant's motion is **granted in part** and **denied in part**. The overall size of the fine and the fact that OSHA investigated Cintas are not relevant, because these facts do not show that Cintas knew with substantial certainty that decedent would be injured. In addition, disclosing the $2.7 million fine is more prejudicial than probative, because the size of the fine could inflame the jury against Cintas. However, plaintiff claims that some of the OSHA citations concern the lack of safety

---

[4]    Cintas's summary of the settlement is not entirely accurate. The settlement agreement provides that all willful violations would be reclassified as "unclassified" violations and Serious Citation No. 1 was reclassified as an "other-than-serious" violation, but the citations were not withdrawn by the settlement agreement. Dkt. # 255-2, at 3-4 ("Respondent hereby withdraws its notice of contest to the citations . . . and the parties agree to the entry of a final enforceable order . . . ."). Cintas' argument that the citations were withdrawn is not a basis to exclude the OSHA citations and reports at trial.

procedures or training for clearing jams from wash alley machinery, and this rebuts Cintas' evidence

that such training actually occurred.  This evidence is relevant to the issue of whether Cintas knew

with substantial certainty that the failure to adopt safety procedures or provide training would lead

to the injury of a wash alley employee.  Plaintiff may not generally comment on the fact of the

OSHA investigation, but plaintiff is permitted to refer to specific evidence relevant to the hazard that

caused decedent's death.[5]

Motion to Exclude Evidence of Accidents at other Cintas Plants (Dkt. ## 275, 279)

Defendants ask the Court to exclude evidence that employees at other Cintas plants have

been injured in similar accidents, because management at Cintas' Tulsa plant was unaware of the

other incidents, except for an injury suffered by Cody at a Cintas Plant in Painesville, Ohio.  Plaintiff

has gathered affidavits from employees at other Cintas plants, and intends to rely on this evidence

to show that Cintas did not have or did not enforce safety rules preventing employees from climbing

on an energized conveyor.  Plaintiff claims that evidence of other similar incidents is relevant to

show that Cintas was on notice of a risk to its employees and intentionally failed to take any action

to reduce this risk.

Admission of evidence "regarding prior accidents or complaints is 'predicated upon a

showing that the circumstances surrounding them were substantially similar to those involved in the

present case.'"  Ponder v. Warren Tool Corp., 834 F.3d 1553, 1560 (10th Cir. 1987) (quoting Karns

---

[5]     Defendant also argues that the OSHA citations and recorded statements are inadmissible hearsay, but this argument is meritless.  See DCS Sanitation Management, Inc. v. Occupational Safety and Health Review Commission, 82 F.3d 812 (8th Cir. 1996) (employee statements to OSHA constitute party admissions and are not hearsay); Masemer v. Delmarva Power & Light Co., 723 F. Supp. 1019 (D. Del. 1989) (OSHA reports and citation admissible under Fed. R. Evid. 803(8)(C) as a public record).

v. Emerson Elec. Co., 817 F.2d 1452, 1460 (10th Cir. 1987)).  "Substantial similarity depends on the underlying theory of the case."  Four Corners Helicopters, Inc. v. Turbomeca, S.A., 979 F.3d 1434, 1440 (10th Cir. 1992).  While a party may lay a foundation for this evidence in the presence of the jury, the court should rule on the admissibility of this evidence outside the presence of the jury.  Wheeler v. John Deere Co., 862 F.2d 1404, 1407 (10th Cir. 1988).  The party seeking to use evidence of other similar incidents has the burden to prove the admissibility of the evidence.  Black v. M & W Gear Co., 269 F.3d 1220, 1227 (10 Cir. 2001); Wheeler, 862 F.2d at 1407.

Cintas argues that the management of its Tulsa plant was aware of the Ohio incident only, and any other similar incidents are not relevant to show that decedent's supervisors were on notice of a risk of injury to decedent.  The Ohio incident occurred in 2004 and was the subject of a company-wide safety bulletin, and there is no dispute that the managers of the Tulsa plant at least had constructive notice of the Ohio incident.  However, plaintiff has sued Cintas, not the Tulsa plant, and plaintiff argues that she may present evidence about Cintas' knowledge as whole, not just the management of the Tulsa plant. This is a reasonable argument, and Cintas' motion is denied to the extent that Cintas seeks to exclude evidence due to an alleged lack of knowledge of other similar incidents by its Tulsa managers.

This does not relieve plaintiff of her burden to show that evidence of other similar incidents is admissible before attempting to offer this evidence at trial. Plaintiff's response suggests that any prior incident when an employee was injured in an automated wash alley shows that Cintas was on notice of dangerous conditions in the wash alley.  This is not the issue.  Plaintiff may be permitted to use some evidence of other similar incidents if she can show that the incidents were substantially similar to the incident causing decedent's death and state a permissible purpose for admitting the

8

evidence at trial.  However, the record does not describe the other similar incidents with sufficient specificity to consider a pre-trial ruling on the admissibility of this evidence, and not every prior incident in which an employee was injured in an automated wash alley will be admissible. Assuming that plaintiff can establish a permissible purpose for using evidence of other similar incidents, plaintiff may attempt to introduce evidence that another Cintas employee fell into a dryer under circumstances similar to those that caused decedent's death.  Defendant's motion in limine is **granted in part** and **denied in part**: defendant's motion is **denied** to the extent that the admissibility of other similar incidents will not depend on the subjective knowledge of its Tulsa management; defendant's motion is **granted** to the extent that plaintiff may attempt to introduce evidence of injuries caused by the precise risk at issue in this case only.  Plaintiff is directed to approach the bench or request a hearing outside the presence of the jury before attempting to introduce evidence of any other similar incident.

Motion to Exclude Randy Harris' OSHA statement (Dkt. ## 281, 282)

Defendant asks the Court to exclude a written statement allegedly made by Cintas employee Randy Harris during OSHA's investigation following decedent's death, because plaintiff cannot authenticate the document as required by Fed. R. Evid. 901.  Defendant claims that the statement was written by an OSHA employee and it does not accurately represent Harris' responses to questions.  Harris has stated that he signed the statement without reading it, and Harris now disputes many of the claims made in the OSHA statement.  Plaintiff responds that defendant's factual arguments do not render the statement inadmissible under Rule 901, because the document is Harris' OSHA statement and is authenticated by Harris' signature.

9

Under Rule 901, "[t]he requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The rationale for the authentication requirement is that the evidence is viewed as irrelevant unless the proponent of the evidence can show that the evidence is what its proponent claims.  United States v. Hernandez-Herrera, 952 F.2d 352, 343 (10th Cir. 1991).

Cintas raised a similar argument in its reply in support of its motion for summary judgment. Dkt. # 136, at 8-9.  Randy Harris admits that he signed the OSHA statement, but disputes that the contents accurately reflect his answers to questions by the OSHA interviewer.  For example, the statement says that Harris worked for Cintas for 8 years, but he was actually employed by Cintas for 15 years. The statement is on an OSHA form, but it is not signed by an OSHA employee. Plaintiff argues that factual inaccuracies do not render the OSHA statement inauthentic, as long as it is clear that the document is actually Harris' written statement.  While alleged factual inaccuracies may not render the OSHA statement inadmissible, Harris' signature alone does not show that he actually made the statements recorded in the OSHA statement and plaintiff has offered no other evidence to authenticate the document.  The document appears to be a written statement made during an OSHA interview, but it is not signed by an OSHA employee.  This casts doubt on whether the document is an official record of an OSHA interview with Harris.  Defendant's motions to exclude Harris' OSHA narrative is conditionally **granted,** unless plaintiff can offer some other evidence to authenticate the document as an accurate record of Harris' OSHA interview.  However, this may not prevent plaintiff from using the document to impeach Harris if he testifies at trial.

Motion to Exclude Testimony of Witnesses' General Opinions on
Workplace Safety (Dkt. ## 283, 284)

Defendant claims that plaintiff's counsel asked numerous witnesses about their general opinions on workplace safety during depositions, and defendant asks the Court to exclude such testimony at trial under Fed. R. Evid. 401, 403, and 701.  Plaintiff argues that general testimony about workplace rules and safety is relevant, because there are issues as to whether Cintas had rules prohibiting Cintas' conduct and, if Cintas had such rules, whether the rules were enforced.

Under Fed. R. Evid. 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  However, relevant evidence can be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ."  Fed. R. Evid. 403.  When considering a Rule 403 challenge, the court should "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."  Mendelsohn v. Sprint/United Management Co., 466 F.3d 1223, 1231 (10th Cir. 2006) (quoting Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1274 (10th Cir. 2000)).  Exclusion of evidence under Rule 403 is an extraordinary remedy that should be used sparingly.  World Wide Ass'n of Specialty Programs v. Pure, Inc., 450 F.3d 1132, 1139 (10th Cir. 2006); Cadena v. Pacesetter Corp., 224 F.3d 1203, 1214 (10th Cir. 2000); Joseph v. Terminex Int'l Co., 17 F.3d 1282, 1284 (10th Cir. 1994).

There is a danger that permitting this kind of testimony would cause jury confusion, because this testimony might suggest that Cintas could be held liable for negligent, rather than intentional, conduct.  Plaintiff cites sample deposition testimony demonstrating the type of testimony she intends to elicit at trial, and much of the testimony would concern hypothetical compliance with OSHA

11

standards or the generalized need to adopt verbal or written safety rules. Hypothetical questions about workplace safety may show that there is a standard of care that applies in certain workplace environments, but this type of testimony does not show that Cintas purposefully avoided adopting safety rules or actually refrained from enforcing rules with the knowledge that an employee would be injured. Plaintiff may ask questions about Cintas' actual practices, but hypothetical questions about workplace safety suggest to the jury that it may find Cintas liable to plaintiff for negligently failing to adopt or enforce safety rules.

Plaintiff argues that jury instructions will prevent prejudice to Cintas and will remedy any potential jury confusion. However, it is preferable to avoid jury confusion by prohibiting irrelevant questions with a strong likelihood of creating jury confusion. Plaintiff suggests that Cintas may open the door to this type of questioning through its expert witnesses. If that occurs, plaintiff may be able to impeach Cintas' experts or offer rebuttal expert testimony. However, it appears that the primary purpose of the proposed testimony on general workplace safety is to suggest that Cintas was negligent by failing to comply with the standard of care applicable to industrial laundry facilities, and this type of testimony should be excluded to prevent jury confusion about the legal standard applicable to plaintiff's Parret claim.[6] Defendant's motion is **granted in part** and **denied in part**: plaintiff is prohibited from asking about a witness' general opinions on workplace safety or the hypothetical need for safety rules; plaintiff may ask about Cintas' actual safety rules and Cintas' intentional failure to adopt certain rules specifically related to the discrete risk at issue in this case.

---

[6]     Many questions posed by plaintiff's counsel during depositions of Cintas' employees concerned workplace safety for hypothetical companies. See Dkt. # 284, at 2; Dkt. # 318, at 4; Dkt. # 378, at 3. There is no indication that Dr. Bowles' testimony will open the door to testimony about workplace safety at hypothetical companies or the laundry industry in general, and this type of questioning will not be permitted by either party.

In addition, plaintiff may present more general opinion testimony through a qualified lay or expert witness if Cintas opens the door to this line of questioning through its expert witnesses.[7]

**Plaintiff's Motions in Limine**

Motion to Exclude Evidence of Decedent's Negligence or Comparative Fault (Dkt. ## 258, 262)

Plaintiff asks the Court to exclude any reference to the concepts of contributory negligence, comparative fault, or assumption of the risk, and asks the Court to prevent Cintas from presenting any argument or evidence even implying that decedent's conduct, rather than Cintas' intentional conduct, caused his death.   Defendant responds that decedent's actions are highly relevant to plaintiff's claims and Cintas' defenses, but agrees that comparative fault and contributory negligence are not defenses to a Parret claim.

In a strictly legal sense, plaintiff is correct that contributory negligence, comparative fault, and assumption of the risk are not defenses to an intentional tort.   Vaughn v. Baxter, 488 P.2d 1234,1237 (Okla. 1971).   However, plaintiff's argument overlooks that decedent's conduct is factually relevant to plaintiff's claims, even if decedent's comparative fault or assumption of the risk is not a complete defense to plaintiff's claims.   Plaintiff will undoubtedly attempt to introduce evidence that decedent was following Cintas' standard procedures, and Cintas will respond that it had rules in place to prevent an employee from being injured by climbing on an energized conveyor. While Cintas cannot attempt to avoid legal responsibility for decedent's injury by asserting that decedent was negligent or assumed the risk of injury, Cintas can argue that decedent was aware of workplace rules prohibiting his conduct and that decedent intentionally violated those rules.

---

[7]   Edward Kwasnick's expert report suggests that he may offer a general opinion that Cintas's Tulsa plant is a "safe" facility, and this type of testimony could open the door to more general testimony from other witnesses.  See Dkt. # 370, Ex. B, at 11.

Plaintiff's motion is **granted in part** and **denied in part**: Cintas should refrain from characterzing decedent's conduct in a legal sense by using language such as "contributory   negligence" or "comparative fault," but this does not prevent Cintas from introducing evidence that Torres engaged in dangerous behavior in violation of Cintas' workplace rules.  This includes evidence that decedent was subjectively aware of the risks of his conduct and his knowledge of any relevant workplace rules, because this evidence may rebut the intent element of plaintiff's <u>Parret</u> claim.

Plaintiff's Omnibus Motion in Limine (Dkt. # 260)

Plaintiff makes 38 requests to exclude general categories of evidence.  This appears to be a form motion in limine and most of plaintiff's requests are not tailored to any specific evidence that is likely to be offered at trial:[8]

1) First-Party Insurance - Opposed.  Cintas argues that it should be permitted to offer evidence that plaintiff has received workers' compensation benefits, and this is not a collateral source.  Plaintiff's request is **denied**, because defendant is entitled to a setoff to any verdict of the amount of workers' compensation payments to plaintiff.

2) Collateral Source Evidence - Opposed.  Plaintiff's request does not specify any particular collateral source evidence, and it is a general request to exclude all collateral source evidence.  Defendant responds that it should be permitted to introduce evidence of workers' compensation payments.  Plaintiff's motion is **denied**

---

[8]   Plaintiff claims that she was simply trying to streamline the trial by raising issues that should be agreed on before trial.  However, it is not clear how this motion was supposed to be helpful.  Plaintiff's requests were vague to the point of failing to identify what evidence she sought to exclude, or she attempted to request in limine rulings on key issues with scant legal and factual analysis.  Plaintiff's reply contains more discussion on certain key issues, but it was not appropriate for plaintiff to expand her arguments in a reply brief.

as to workers' compensation payments, and it is unclear if any other type of collateral source evidence is at issue.

3) Services Rendered Without Charge - Opposed as overly broad.  It is not clear that plaintiff or decedent actually received medical or other services free of charge, and plaintiff's motion is **moot** unless some specific evidence will be offered on this issue.

4) Ex Parte Statements and Hearsay/Failure to Call Witnesses - Opposed as vague. This appears to be a request to enforce the hearsay rules and does not specify any evidence to be excluded. Plaintiff's motion is **moot**.

5) Prior Arrests/Convictions and Pleas of Guilty - Opposed as vague.  This appears to be a request to enforce Fed. R. Evid. 404 and 609, but there is no indication that this issue will arise at trial.  Plaintiff's motion is **moot**.

6) Tax Consequences of Judgment - Unopposed.  Plaintiff's motion is **granted**.

7) Undisclosed Witnesses and Late Designated Witnesses - Opposed.  Cintas claims that the request is overly broad and vague, and the parties are permitted to call impeachment witnesses without designating them before trial.  Plaintiff's request is **granted** to the extent that undisclosed witnesses would be prohibited from testifying under Fed. R. Civ. P. 26, but is otherwise **moot**.  This ruling also prevents plaintiff from offering undisclosed or untimely disclosed witnesses at trial.

8) Unauthorized/Unproduced Documents or Evidence - Opposed as vague.  This appears to be a request to enforce discovery rules concerning production of documents and does not reference any specific evidence. The motion is **moot** unless a specific issue arises at trial.

15

9) Referencing Audio-Visual Material - Opposed as vague.  This request is vague and **moot** unless a specific issue arises at trial.

10) Trial Tactics - Opposed as vague.  Both parties must comply with the all applicable courtroom rules and rules of professional conduct, and this request is **moot**.

11) Costs Incurred by Counsel - Unopposed.  This motion is **granted**.

12) Legal Conclusions - Opposed as vague.  Both parties are prohibited from asking witnesses to make legal conclusions, and this request is **moot**.

13) Third Party Conduct/Negligence of Plaintiff - Opposed for reasons stated in defendant's response (Dkt. ## 311, 312) to plaintiff's motion in limine (Dkt. ## 258, 262) on this issue.  This request is **granted in part** and **denied in part** for the reasons stated above.  See supra at 13-14.

14) Filing of this Motion in Limine - Unopposed.  This motion is **granted**.

15) Settlement Negotiations or Agreements - Unopposed.  This motion is **granted**.

16) Contributory Negligence - Opposed for reasons stated in defendant's response to plaintiff's motion in limine on this issue.  This request is **granted in part** and **denied in part** for the reasons stated above. See supra at 13-14.

17) New and Independent Cause and/or Pre-Existing Condition - Opposed as vague.  It is not clear what evidence plaintiff is seeking to exclude.  Defendant is not prohibited from arguing that a cause other than its intentional conduct caused decedent's injury, and plaintiff's motion is **denied**.

18) Defendant's Defenses Not Pled - Opposed.  Defendant argues that this request is inconsistent with Fed. R. Civ. P. 15, because it may assert additional defenses based

16

on new issues that arise at trial under certain circumstances.  To this extent, plaintiff's request is **denied**, but the motion is **moot** unless this issue actually arises.

19)    Trial Requests - Opposed as overly broad.  Plaintiff apparently seeks to prevent defendant from demanding production of documents or evidence at trial.  While discovery is complete, there may be circumstances when plaintiff is required to show evidence to defendant during the trial as required by the Federal Rules of Evidence, and plaintiff's request is **denied** as overly broad.

20)    Discovery Issues - Unopposed.  This motion is **granted**.

21)    Lawyer's Comments in Deposition - Opposed as vague and overly broad.  The parties have filed objections to designation designations and should preliminarily work out the admissibility of deposition testimony before the magistrate judge.  It is also unclear what statements plaintiff is seeking to exclude, and this request is **moot**.

22)    Material Not in Evidence - Opposed.  Defendant is correct that there may be circumstances when defense counsel will properly refer to a document or material not in evidence, and plaintiff's request is **denied** as overly broad.

23)    Expert Opinions - Opposed as vague.  Plaintiff seeks to exclude any comment or opinion by an expert that was not disclosed as required by Fed. R. Civ. P. 26.  This is an accurate statement of the law that applies to both parties, and the motion is **moot**.

24)    Hearsay - Opposed as vague.  Plaintiff asks the court to exclude statements of any unavailable witness as hearsay.  The Court cannot rule on this issue without knowing

what statements are at issue and if a hearsay objection can be cured, and plaintiff's motion is **moot** unless a specific issue arises at trial.

25) How Discovery Was Conducted - Unopposed.  This motion is **granted**.

26) Employment of Counsel - Opposed.  Defendant claims that there may be legitimate reasons to refer to the circumstances under which plaintiff retained counsel. Plaintiff's request is **denied**.

27) Interest on Judgment - Unopposed.  This motion is **granted**.

28) Golden Rule - Opposed as vague.  Both sides are prohibited from making a "Golden Rule" argument to the jury, and plaintiff's motion is **moot**.

29) Residency and/or Citizenship - Unopposed.  This motion is **granted**.

30) Expert Opinions about Whether Torres Received Particular Training - Addressed in plaintiff's motions in limine to exclude Cintas' experts and this request is **moot**.

31) Expert Opinions about State of Mind - Addressed in plaintiff's motions in limine to exclude Cintas' experts and this request is **moot**.

32) Expert Opinions Based on Post-Incident Practices - Opposed as vague.  Cintas does not dispute that its post-incident practices are not at issue in this case, but states that its experts necessarily conducted their analysis after the incident.  Plaintiff's request is **granted** as to Cintas' post-incident practices, but **denied** as to post-incident preparation of expert testimony.

33) "Management" as a Requirement of Respondeat Superior Liability - Opposed. Plaintiff argues that the knowledge of all Cintas employees, not just managers, is relevant to the issue of Cintas' knowledge.  This is a key legal issue, and plaintiff's

18

sparse motion in limine does not adequately address the issue.  Dkt. # 260, at 12. Plaintiff's reply provides greater analysis, but it is clear that Cintas was not on notice of the scope of plaintiff's argument.  Cintas is correct that the authority cited in plaintiff's motion is not applicable, because it generally concerns an employer's liability for the intentional torts of its employees.  See Jordan v. Cates, 935 P.2d 289 (Okla. 1997); Rodebush v. Oklahoma Nursing Homes, Ltd., 867 P.2d 1241 (Okla. 1993). A Parret claim is an intentional tort directly against the employer, and it is not clear that respondeat superior applies to a Parret claim.  The issue is whether Cintas, in its capacity as decedent's employer, acted with knowledge of substantial certainty that decedent would be injured, and the authority cited by the parties does not assist the Court in resolving this issue.  Plaintiff's motion is **denied without prejudice to reurging this issue at trial.**

34)     Group Affiliation - Opposed.  Cintas argues that plaintiff's affiliation with UNITE HERE! may have relevance to show bias or impeach plaintiff's credibility, but will not raise the issue unless plaintiff opens the door.  Plaintiff's motion is **granted** on the condition that plaintiff refrains from introducing union issues into the case.

35)     Advice to the Jury - Opposed as vague.  It is unclear what evidence this request is seeking to exclude, but this request is **granted** to the extent that both parties are prohibited from giving advice or making improper suggestions about the evidence to the jury.

36)     Frivolous Lawsuits/Litigation Crisis - Unopposed.  This motion is **granted**.

37)   Cintas' General Reputation or Character - Opposed as vague.  This motion simply asks the Court to enforce Fed. R. Evid. 404(b) and is unnecessary.  Both parties must comply with Rule 404(b) before introducing evidence of prior bad acts, and Rule 404(a) does not apply in a civil case.  Perrin v. Anderson, 784 F.2d 1040, 1044 (10th Cir. 1986).  This motion is **moot** unless defendant attempts to introduce character evidence at trial.

(38)   Cintas' Alleged General Safety Record - Opposed as vague.  Plaintiff's motion is **granted** to the extent that neither party will be permitted to discuss general safety issues at Tulsa's plant, and the parties must focus on the particular risk that caused decedent's death.

**IT IS THEREFORE ORDERED** that: Defendant Cintas Corporation's Motion in Limine to Exclude Speculative References to Pain and Suffering (Dkt. ## 252, 253) is **granted in part** and **denied in part**; Plaintiff's Motion in Limine (Dkt. # 260) is **granted in part**, **denied in part**, and **moot in part**; Plaintiff's Motion in Limine to Exclude Evidence of Eleazor Torres' Alleged Negligence or Comparative Fault (Dkt. ## 258, 262) is **granted in part** and **denied in part**; Defendant Cintas Corporation's Motion in Limine to Allow Jury to View Evidence at Accident Site and Brief in Support (Dkt. ## 253, 264) is **moot**; Defendant Cintas Corporation's Motion in Limine to Exclude Evidence Concerning an Investigation by the Occupational Health and Safety Administration and Brief in Support (Dkt. ## 255, 265) is **granted in part** and **denied in part**; Defendant Cintas Corporations' Motion in Limine to Exclude Evidence Concerning Subsequent Remedial Measures and Brief in Support (Dkt. ## 256, 268) is **moot**; Defendant Cintas Corporation's Motion in Limine to Exclude Evidence Concerning Other Incidents and Conduct at

Different Cintas Facilities (Dkt. ## 275, 279) is **granted in part** and **denied in part**; Defendant

Cintas Corporation's Motion in Limine to Exclude Evidence of the OSHA Interview Narrative

Purportedly Given by Randy Harris (Dkt. ## 281, 282) is **granted**; Defendant Cintas Corporation's

Motion in Limine to Preclude Plaintiffs from Asking Witnesses about the General Opinions on

Workplace Safety and Brief in Support (Dkt. ## 283, 284) is **granted in part** and **denied in part**.

**DATED** this 2nd day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

21