## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMALIA DIAZ TORRES, surviving spouse of ELEAZOR TORRES GOMEZ, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-CV-0185-CVE-TLW |
| CINTAS CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

Now before the Court is Defendant Cintas Corporation's Motion in Limine for Credit for Workers' Compensation Payments Made to Plaintiff (Dkt. ## 285, 286). In addition, on March 29, 2010, the Court ordered (Dkt. # 392) the parties to be prepared to discuss at the pretrial conference whether plaintiff's acceptance of workers' compensation benefits following her husband's death barred her from bringing a claim under Parret v. UNICCO Services Co., 127 P.3d 572 (Okla. 2005). The parties have filed trial briefs (Dkt. ## 399, 410) on the election of remedies issue, and the Court has independently researched the caselaw as to the election of remedies.

Almost every state appellate court that has considered this issue has found that an injured employee may collect workers' compensation and also file an intentional tort claim. See Mendoza v. McDonald's Corp., 213 P.3d 288 (Ariz. Ct. App. 2009); DePuy, Inc. v. Farmer, 847 N.E. 2d 160 (Ind. 2006); Luna v. Lewis Casing Crews, Inc., 159 P.3d 256 (N.M. 2007); Woodson v. Rowland, 407 S.E.2d 222 (N.C. 1991); Travelers Ins. Co. v. Savio, 706 P.2d 1258 (Colo. 1985); Millison v. E.I. du Pont de Nemours & Co., 501 A.2d 505 (N.J. 1985). However, all of these cases prohibit an injured employee from receiving a double recovery for the same injury, and the employer is entitled to a setoff if the injured employee prevails on an intentional tort claim after receiving workers'

compensation.  Massachusetts permits an employee to pursue both types of claims through an administrative proceeding and receive a double recovery, but Massachusetts also requires that an injured employee show that an employer's conduct was "quasi-criminal" and this standard is rarely met.  Case of Drumm, 903 N.E.2d 1127 (Mass. App. Ct. 2009).  The Texas Supreme Court has held that an employee's election of workers' compensation benefits bars a subsequent intentional tort claim under the doctrine of election of remedies.  Medina v. Herrera, 927 S.W. 2d 597 (Tex. 1996).

The Oklahoma Supreme Court has applied the doctrine of election of remedies to prevent an injured employee from seeking relief in the State Industrial Court and state district court for an accidental workplace injury.  Pryse Monument Co. v. Dist. Ct. of Kay County, 595 P.2d 435 (Okla. 1979).  The doctrine of election of remedies has three elements: (1) "two or more remedies must be in existence;" (2) "the available remedies must be inconsistent;" and (3) "choice of one remedy and its pursuit to conclusion must be made with knowledge of alternatives that are available."  Id. at 437.  Pryse Monument bars a plaintiff from pursuing multiple remedies that fall within the scope of the exclusivity provisions of the workers' compensation act.  Dyke v. Saint Francis Hosp., Inc., 861 P.2d 295 (Okla. 1993).  However, the Oklahoma Court of Civil Appeals has suggested that an intentional tort that falls entirely outside of the scope of the workers' compensation act may not be barred by a prior election to receive workers' compensation.  Griffin v. Baker Petrolite Corp., 99 P.3d 262, 266 (Okla. Civ. App. 2004) (finding that the plaintiff's claim for intentional infliction of emotional distress sought recovery for mental distress compensable under the Oklahoma Workers' Compensation Act, but suggesting that a true intentional tort might not be barred by the doctrine of election of remedies).

2

Cintas argues that the Court should submit the issue of election of remedies to jury.  The first element of Pryse Monument is not in dispute, as it is clear that plaintiff has two or more remedies against Cintas for the same injury.  Dkt. # 399, at 2; Dkt. # 410, at 1.  The parties dispute whether a Parret claim and workers' compensation are inconsistent remedies, which the Oklahoma Supreme Court has not addressed.  Remedies are inconsistent if "[t]he two remedies available are separate, alternative, mutually exclusive and cognizable in different forums."  Griffin, 99 P.3d at 265 n.4.  A workers' compensation claim and a negligence claim are inconsistent as a matter of law.  Barfield v. Barfield, 742 P.2d 1107 (Okla. 1987).  Plaintiff argues that different legal standards apply in workers' compensation cases and tort remedies are not available in workers' compensation court, and this shows that a Parret claim is outside of the scope of plaintiff's workers' compensation claim. If plaintiff's argument were correct, she could also pursue negligence and workers' compensation claims for the same injury, because negligence requires proof of the defendant's fault, while a workers' compensation claim does not.  This is clearly not the law, and plaintiff misapplies this element of Pryse Monument.  However, it is not clear that the Pryse Monument bar applies to true intentional tort claims, because the intentional tort claim is an exception to the exclusivity provisions of the Oklahoma Workers' Compensation Act.  See Parret, 127 P.3d at 575.  Pryse Monument, Dkye, and Griffin all concerned multiple remedies that could have been pursued in Workers' Compensation Court, while this case involves a workers' compensation claim and an intentional tort claim which is excluded from coverage under the Oklahoma Workers' Compensation Act.  See Griffin, 99 P.3d at 267 (a true intentional tort would not be barred by an employee's election of workers' compensation benefits, but the claim alleged by the employee did not rise to the level of an intentional tort); Dyke, 861 P.2d  at 303 (employee's claim against hospital might be barred if

3

she recovered for the hospital's negligence in workers' compensation court, but finding that record

was insufficient to impose <u>Pryse Monument</u> bar); <u>Pryse Monument</u>, 595 P.2d at 437-38 (injured

employee's negligence claim barred by his prior election to seek workers' compensation benefits).

Based on Oklahoma law and judicial decisions from other states, the Court finds that the Oklahoma

Supreme Court would follow the majority rule and permit an injured employee to accept workers'

compensation benefits and pursue a <u>Parret</u> claim, because these remedies are not inconsistent as a

matter of law.   Plaintiff seeks a remedy that is excluded from coverage under the Oklahoma

Workers' Compensation Act and, thus, <u>Pryse Monument</u> does not bar plaintiff's <u>Parret</u> claim.[1]

The Oklahoma Supreme Court has also not decided whether an employer is entitled to a

setoff if an injured employee recovers workers' compensation benefits and subsequently files a

<u>Parret</u> claim.   The Court has determined that plaintiff can proceed with her <u>Parret</u> claim after

accepting workers' compensation benefits, but Oklahoma law prevents her from receiving a double

recovery for the same injury.  <u>See</u> <u>Coble v. Shepherd</u>, 190 P.3d 1202 (Okla. Civ. App. 2008); <u>N.C.</u>

<u>Corff Partnership, Ltd. v. OXY USA, Inc.</u>, 929 P.2d 288, 295 (Okla. Civ. App. 1996).  Although the

Ohio Supreme Court found that an employer is not entitled to a setoff for workers' compensation

payments in a subsequent intentional tort case against an employer, every other state appellate court

that has considered the issue has granted the employer a setoff.  <u>See</u> <u>Mendoza</u>, 213 P.3d at 300;

<u>Travelers Ins. Co.</u>, 706 P.2d 1258, 1266 n.8 (Colo. 1985); <u>Robinson v. North American Salt Co.</u>, 865

So. 2d 98, 109-10 (La. Ct. App. 2003); <u>Millison</u> , 501 A.2d at 519.  It should also be noted that the

---

[1]    The Court has determined that the second element of <u>Pryse Monument</u>, the existence of
inconsistent remedies, has not been established, and the Court does not reach the issue of
whether plaintiff made a knowing election of remedies.  Thus, the <u>Pryse Monument</u> bar does
not apply and the Court will not submit the issue of election of remedies to the jury.

Ohio Supreme Court's decision denying the employer a setoff, <u>Jones v. VIP Development Co.</u>, 572 N.E.2d 1046 (Ohio 1984), has been overruled by statute, and employers in Ohio can claim a setoff for workers' compensation payments.

In her response to Cintas' motion in limine requesting a setoff, plaintiff argues that workers' compensation is a collateral source and Cintas is not entitled to a setoff.[2] Dkt. # 321, at 2. Workers' compensation is not a collateral source in this case because both remedies come from the same defendant, not a source wholly independent of defendant. Thus, allowing plaintiff to recover on her intentional tort claim against defendant without setting off the amount she has received in workers' compensation payments would result in a double recovery, and double recovery from the same source is prohibited under Oklahoma law. <u>Qualls v. United States Elevator Corp.</u>, 863 P.2d 457, 463 (Okla. 1993); <u>Handy v. City of Lawton</u>, 835 P.2d 870, 874-75 (Okla. 1992). Thus, plaintiff should be permitted to proceed with her <u>Parret</u> claim, but the jury should be directed to set off the amount of workers' compensation benefits it finds that she has received or will receive from defendant.[3] Plaintiff argues that a <u>Parret</u> claim redresses an employer's intentional conduct, while workers' compensation provides a remedy for a separate accident injury. However, the injury from the underlying conduct is the same, and plaintiff may not recover twice from the same party for the same injury.

---

[2]      At the pretrial conference, plaintiff argued that her <u>Parret</u> claim was not barred by <u>Pryse Monument</u>, but she did not oppose Cintas' request for a setoff. Even though plaintiff does not oppose Cintas' request for a setoff, the Court will consider all arguments raised in the briefing to provide a clear record on this issue.

[3]      There is a factual dispute as to this amount, and this issue must be submitted to the jury unless the parties reach a stipulation. Cintas has paid plaintiff $230,000 and has reserved another $320,000 for plaintiff. However, she will not receive the full reserved amount if certain events, such as remarriage, occur before the full amount is paid.

**IT IS THEREFORE ORDERED** that Defendant Cintas Corporation's Motion in Limine for Credit for Workers' Compensation Payments Made to Plaintiff (Dkt. ## 285, 286) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's <u>Parret</u> claim is not barred by the doctrine of election of remedies, and she may proceed with her <u>Parret</u> claim.

**DATED** this 7th day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6