IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **AMALIA DIAZ TORRES, surviving spouse of ELEAZAR TORRES GOMEZ** | ) ) ) | Case No. 4:08-cv-00185-CVE-TLW |
| **Plaintiff,** | ) ) ) | |
| -v- | ) ) | |
| **CINTAS CORPORATION, et al.** | ) ) ) | |
| **Defendants.** | ) ) | |

## DEFENDANT CINTAS CORPORATION'S
## PROPOSED STATEMENT OF THE CASE

Pursuant to the Court's order that the parties submit a joint agreed-upon statement of the case, the parties attempted to resolve differing views on what should be contained in the statement of the case but were unable to resolve those issues. The parties agreed that each would submit its own statement of the case for the Court's consideration. Cintas's proposed statement of the case is as follows:

On March 6, 2007, Eleazar Torres was employed at a Cintas laundry plant located in Tulsa, Oklahoma. One of the purposes of this plant was to wash and dry large loads of soiled uniforms in industrial sized washer and dryer machines. A conveyor belt ran between the washers and dryers, and carried loads of wet clothes from the washers up to the dryers. Mr. Torres was clearing a large pile of clothing that had jammed on the conveyor belt at the dryer door when he began jumping on top of the clothing. When the clothing broke free he fell into the running dryer. He was later discovered, deceased, inside the dryer.

This claim is brought by Mr. Torres's widow, Amalia Torres, and their children. Mrs. Torres claims that Cintas Corporation committed an intentional act that caused Mr. Torres's death. Cintas disputes Mrs. Torres's claim and asserts that it provided sufficient training for Mr.

- 2 -

Torres regarding safely operating the wash alley machinery, that his conduct of jumping on the clothing to clear the laundry jam was prohibited and it is his conduct, in violation of his training, that caused his death.

In order for Mrs. Torres to prevail on her claim, she must prove the following things by the greater weight of the evidence:

1. Cintas committed an intentional act; and

2. Cintas's intentional act caused Mr. Torres's death; and

3. Cintas knew that Mr. Torres's death was substantially certain, and not merely likely, to occur as a direct result of its intentional act.

As this is a claim for an employer intentional tort, more than negligence or even recklessness is needed for Mrs. Torres to prevail. "Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property. "Ordinary care" is the care which a reasonably careful person would use under the same or similar circumstances. The issue in this case is not whether Cintas exercised ordinary care to avoid an injury, nor is the issue about whether Mr. Torres's death could have been avoided. The issues to be resolved concern whether Cintas committed an intentional act knowing that it was substantially certain that act would cause Mr. Torres to die, and whether an intentional act by Cintas was in fact the direct cause of Mr. Torres's death.

.                             Respectfully submitted,


/s/ Gregory M. Utter
Gregory M. Utter
Matthew K. Buck
KEATING MUETHING & KLEKAMP PLL
1 E. Fourth Street, Suite 1400
Cincinnati, OH 45202
Phone: (513) 579-6400
Fax: (513) 579-6457

Gene Robinson, OBA #10119
THE ROBINSON LAW FIRM, P.C.
1100 Remington Tower
5810 East Skelly Drive
Tulsa, Oklahoma 74135
Phone: (918) 587-2311
Fax: (918) 587-2317

*Attorneys for Defendant, Cintas Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2010, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system and will serve counsel of record via electronic mail.

/s/  Gregory M. Utter
Gregory M. Utter

3401059.1